UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ms. Jamie Evans,<br><br>    Plaintiff,<br><br>v.<br><br>The Washington Center for<br>Internships and Academic Seminars, et al.<br><br>    Defendants | Case No. 1:08-cv-00875 |

DEFENDANTS MOTION WITH POINTS AND AUTHORITIES TO QUASH INSUFFICIENT
SERVICE OF DANIEL G. STORCK AND
<u>NATIONAL INTEGRATED HEALTH ASSOCIATES, L.L.C.</u>

Defendant's Daniel G. Storck ("Storck") and National Integrated Health Associates, L.L.C. ("NIHA"), through counsel, hereby move this Court quash service attempted upon each of them as insufficient. These same issues are raised in a Motion to Dismiss pursuant to F.R.C.P. 12(b)(5).

*Failure to Properly Serve NIHA*

The service of process is addressed to "Dr. [sic] Daniel Stork [sic] of National Integrated Health Associates." Mr. Storck is not a doctor, and so is misidentified, but what is of importance is that the party Plaintiff identified in its service to NIHA's registered agent is not NIHA, but rather Storck. NIHA is listed only as a description of where Mr. Storck is located. Such service cannot in fact serve NIHA; at most, it would arguably serve Mr. Storck as he is the only party named in the summons and in the certification of service. NIHA has thus not been properly served, and the apparent service must be quashed as insufficient under F.R.C.P. 4.

F.R.C.P. 4(a) requires that a summons shall "be directed to the defendant." The summons

served upon NIHA's registered agent, was not directed to NIHA, it was directed to Storck as an individual. Under the requirements of F.R.C.P. 4(a), the summons served on NIHA's registered agent is defective because it did not directed at NIHA. Service has not been effectively made as to NIHA, and service of this summons should be quashed.

Further, NIHA is a limited liability company and was also not properly identified. *See* Affidavit of Daniel G. Storck at ¶ 3, attached to Motion to Dismiss and incorporated herein by reference.

*Failure to Properly Serve Mr. Storck*

Service was accomplished by serving the registered agent for NIHA, the Corporation Service Company (hereinafter "CSC.") NIHA may be served through its registered agent, if properly done, but Mr. Storck has not authorized CSC to accept personal service for him, and neither FRCP 4 nor any other rule or statute allows service of an individual through the registered agent of a corporation. D.C. Code § 29-301.11 (Registered agent for service )(2008) authorizes service of the corporation through service, but does not authorize the service of individuals through the resident agent, no matter what connection that individual has to the corporation.

Superior Court Civil Rule 4 (d)(1) requires that service upon an individual defendant be accomplished either upon that individual directly or "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process."

> The rule is clear that it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process and, further, that the authority to accept such service cannot be shown by the extra-judicial statements of the attorney." *Schwarz v. Thomas*, 95 U.S. App. D.C. 365, 368, 222 F.2d 305, 308 (1955). Thus, the mere appearance of authority is insufficient. Moreover, the agent's authority cannot be implied from the agent's position. See *Leichtman v. Koons*, 527 A.2d 745, 747 n.4 (D.C. 1987) (holding that office employee with authority to receive business communications does not, by virtue of that position, have authority to receive process).

*James Mclaughlin, v. Fidelity Security Life Insurance,* 667 A.2d 105(D.C.App. 1995). Plaintiff, represented by counsel, should know that registering a corporate agent does not give authority for that agent to accept service upon any persons in their individual capacity.

Further, the fact that NIHA and Storck are aware of the suit does not excuse the deficiencies in the service. It is clear that this does not cure problems with service:

> Whether McLaughlin received actual notice of the action is immaterial to the sufficiency of service of process. *See* Super. Ct. Civ. R. 12 (b)(5), (h)(1)(B) (permitting objection to sufficiency of service of process to be presented either by motion prior to responsive pleading or in the party's first responsive pleading); *Leichtman v. Koons,* 527 A.2d 745, 747 n.4, 5 (D.C. 1987); *Parker v. Frank Emmet Real Estate,* 451 A.2d 62, 66 (D.C. 1982).
> *Mclaughlin*, 667 A.2d at 107.
>
> Our cases establish that faulty service of process cannot be cured merely by actual receipt of the summons and complaint. *See Parker v. Frank Emmet Real Estate*, 451 A.2d 62 (D.C. 1982) (citing *Morfessis v. Marvins Credit, Inc., supra*). "Rather, actual receipt may be viewed as further supporting the validity of service which was otherwise proper." *Id.* at 66.
> *Rosen & Associates, Inc., et al., v. Hurwitz*, 465 A.2d 1114 (D.C. App. 1983).

The D.C. Court of Appeals noted this again, first comparing this to a similar holding in Maryland:

> Leichtman admitted that he learned of the pendency of Koon's Maryland action when he returned to his office about a week after the court papers had been delivered there. The trial court based its grant of summary judgment on this admission, finding that Leichtman's actual timely notice was sufficient to confer jurisdiction under Maryland law. However, the Maryland Court of Appeals has held, to the contrary, that a defendant's actual knowledge of the existence of a lawsuit against him is no substitute for personal service under Maryland law. *Miles v. Hamilton,* 269 Md. 708, 309 A.2d 631, 634 (1973); *Sheehy v. Sheehy*, 250 Md. 181, 242 A.2d 153, 155 (1968); *Little v. Miller*, 220 Md. 309, 153 A.2d 271, 275 (1959); *Wilmer v. Epstein*, 116 Md. 140, 81 A. 379, 382 (1911); see also *Reed v. Sweeney,* 62 Md. App. 231, 488 A.2d 1016, 1019, cert. denied, 303 Md. 471, 494 A.2d 939 (1985). Koons has not directed our attention to any cases holding to the contrary, nor have we found any.
>
> The same is true under District of Columbia law. *Parker v. Frank Emmet Real Estate*, 451 A.2d 62, 66 (D.C. 1982); see also Morfessis, supra note 4, 77 A.2d at

179-80. If Leichtman was not personally served, the Maryland District Court had no jurisdiction and the default judgment was invalid and without significance. Miles, supra, 309 A.2d at 634. Such a judgment, of course, would not be entitled to full faith and credit in this jurisdiction. *Williams v. North Carolina*, 325 U.S. 226, 229, 89 L. Ed. 1577, 65 S. Ct. 1092 (1945); *Gilper v. Kiamesha Concord, Inc.*, 302 A.2d 740, 742 (D.C. 1973); *Shanklin v. Bender*, 283 A.2d 651, 652 (D.C. 1971); *Operative Plasterers' and Cement Finishers' International Association v. Case*, 68 App. D.C. 43, 49, 93 F.2d 56, 62 (1937).
*Robert G. Leichtman, v. Susan E. Koons*, 527 A.2d 745 (D.C. App. 1987)

No effective service has therefore been made against Storck. *See* Affidavit of Daniel G. Storck,

¶ 7, attached to Motion to Dismiss and incorporated herein by reference. Because Mr. Storck has

not authorized CSC to accept service for him personally, personal service must be obtained.

Dated: June 18, 2008

*/s/ Alan Dumoff*
_____
Alan Dumoff
Law Office of Alan Dumoff
30 Windbrooke Circle
Gaithersburg, MD 20879
D.C. bar No. 425926
voice: 301-987-0970
fax: 301-987-0971
alandlmc@aol.com


CERTIFICATE OF SERVICE

I certify that I have served the attached DEFENDANTS MOTION WITH POINTS AND AUTHORITIES TO QUASH INSUFFICIENT SERVICE OF DAN STORCK AND NATIONAL INTEGRATED HEALTH ASSOCIATES, LLC upon the opposing party's counsel by placing a copy in the U.S. mails, postage pre-paid, as listed below:

James R. Klimaski, Esq.
Klimaski & Associates P.C.
1625 Massachusetts Avenue, NW
Suite 500
Washington, D.C. 20036-2245

Date: June 18, 2008

*/s/ Alan Dumoff*
_____
Alan Dumoff