UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ms. Jamie Evans,<br><br>    Plaintiff,<br><br>    v.<br><br>The Washington Center for<br>Internships and Academic Seminars, et al.<br><br>    Defendants | Case No. 1:08-cv-00875 |

**DEFENDANTS NATIONAL INTEGRATED HEALTH ASSOCIATES, CENTER FOR INTEGRATIVE BODY THERAPIES, AND DANIEL G. STORCK'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6) AND FOR <u>INSUFFICIENT SERVICE OF PROCESS PURSUANT TO F.R.C.P.12(b)(5)</u>**

    Defendants National Integrated Health Associates, L.L.C. (hereinafter "NIHA"), Center for Integrative Body Therapies ("CIBT") and Daniel G. Storck ("Storck") hereby move to dismiss the above captioned matter against it for failure to state a claim pursuant to F.R.C.P. 12(b)(6) and for insufficient service of process pursuant to 12(b)(5).

*Failure to State a Claim Against NIHA*

    1)    The conduct complained of is alleged conduct by Steven Kulawy, D.C., and occurred, according to the allegations, at Dr. Kulawy's practice location, a facility known under the tradename "Center for Integrative Body Therapies" (hereinafter "CIBT") located at the relevant time in Suite 601 at 5225 Wisconsin Avenue, N.W., Washington, D.C., 20015

    2)    NIHA is a separate and distinct health care facility organized as a limited liability company under the laws of the District of Columbia and located in a different suite at the same building at Suite 401 at 5225 Wisconsin Avenue, Washington, D.C., 20015.

3) The complaint never alleges any legal relationship between NIHA and the events that are the subject of the complaint. The only statement alleging a relationship in the entire complaint merely (and falsely) alleges that NIHA operates "a.k.a. Physical Medical Associates, L.L.C." (Complaint at ¶ 6). There is no entity named Physical *Medical* Associates, LLC. An entity named "Physical *Medicine* Associates" does exist (emphasis added, the correct name referred to hereinafter "PMA"), but PMA is not named as a defendant in the suit under either formulation, and the relevance of PMA to the defendants or the events complained of is never described in the suit. Not a single allegation purports to explain a link between NIHA and CIBT, PMA, Kulawy or the Washington Center for Internships and Academic Seminars. This is insufficient as a matter of law to state a claim against NIHA.

4) NIHA does not operate "a.k.a." PMA. PMA is an independent limited liability company, and NIHA has no ownership or other relationship to PMA nor to CIBT except for a single agreement, noted in the attached Affidavit of Daniel G. Storck, and appended as Exhibit A thereto, in which NIHA provides PMA with services of a strictly financial, IT systems, and marketing nature. NIHA does not provide management services of any kind to PMA or CIBT, and has no authority or responsibility for any management decisions or obligations of PMA or CIBT. NIHA has no relationship to the events alleged in the complaint. No officer, agent, employee or other staff acting on behalf of or operating as an agent of NIHA met with Ms. Evans, participated in her internship, structured or was involved in the management of her internship and owed no duty to Plaintiff. Mr. Storck attests to these facts in the attached affidavit at ¶ 6. Further, there is no privity between NIHA and Evans. NIHA is a corporate entity separate and distinct from all the listed defendants and is not a proper party to Evans' suit.

5)      By the admissions in Ms. Evans own pleading, she never discussed the events complained of, nor sought the assistance of NIHA officers, agents, employees or staff for the event she complains of, *see* Complaint at ¶¶ 35-40, as NIHA had no responsibility or involvement in the conduct of Kulawy in his practice at CIBT.

*Failure to State a Claim Against CIBT*

6)      The suit names CIBT as a defendant. CIBT is a tradename, or "doing business as" name. See Affidavit of Daniel G. Storck, ¶ 4. CIBT is not a legal entity, and does not have the capacity to be sued under F.R.C.P. Rule 17(b). CIBT cannot be a proper party to a law suit. NIHA anticipates that CIBT will raise this in their motion to dismiss, but notes it here as any effort to link NIHA to CIBT must also fail as CIBT cannot be a party in interest.

*Failure to State a Claim Against Mr. Storck*

7)      Plaintiff allegations assume that Storck had a duty to Plaintiff, but does not make a single allegation that connects Storck to the events complained of in deed or obligation. It appears that Plaintiff believes that Storck, who is an owner and manager of NIHA, is responsible because of its unsupported allegations that NIHA is responsible. For the same reasons cited above, this must fail as a matter of law as it is insufficient to state a claim against Storck.

8)      Plaintiff's failure to name either NIHA as a limited liability company or PMA appears designed to sidestep that legal reality that any actions or omissions made by Storck were done in his capacity as manager of a limited liability company, for which no personal liability could attach. The complaint contains no pleading of malice, gross negligence or other special circumstances, and instead misleads the Court as to the limited liability status within which Storck acted. This must fail as a matter of law, and the complaint against Storck must be dismissed.

*Failure to Properly Serve NIHA*

9) The service of process is addressed to "Dr. [sic] Daniel Stork [sic] of National Integrated Health Associates." Mr. Storck is not a doctor, but what is of import is that the party Plaintiff claims to have served is not NIHA, but rather Mr. Storck. NIHA is merely listed as a description of where Storck is located. Such service cannot in fact serve NIHA; at most, it would arguably serve Storck as he is the only party named in the summons and in the certification of service. NIHA has thus not been properly served, and must be dismissed pursuant to 12(b)(5).

*Failure to Properly Serve Storck*

10) Service was accomplished by serving the registered agent for NIHA, the Corporation Service Company (hereinafter "CSC.") NIHA may be served through its registered agent, if properly done, but Storck has not authorized CSC to accept personal service for him, see Affidavit of Daniel G. Storck, and neither F.R.C.P. 4 nor any other rule or statute allows service of an individual through the registered agent of a corporation. Because Storck has not authorized CSC to accept service for him personally, personal service must be obtained.

11) An agent of Plaintiff's law firm attempted to serve Dr. Kulawy by presenting the summons for Dr. Kulawy personally to Mr. Storck (who is not an authorized person to receive personal service for Dr. Kulawy) but this does not constitute service upon Mr. Storck.

THIS PORTION INTENTIONALLY BLANK

WHEREFORE, the Complaint against NIHA and Storck should be dismissed for failure to state a claim, against CIBT because it does not have the capacity to be sued, and dismissed against NIHA and Storck for insufficient service.

Dated: June 19, 2008

_____
Alan Dumoff
Law Office of Alan Dumoff
30 Windbrooke Circle
Gaithersburg, MD 20879
D.C. bar No. 425926
voice: 301-987-0970
fax: 301-987-0971
alandlmc@aol.com

CERTIFICATE OF SERVICE

I certify that I have served the attached DEFENDANTS NATIONAL INTEGRATED HEALTH ASSOCIATES, CENTER FOR INTEGRATIVE BODY THERAPIES, AND DAN STORCK'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6) AND FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO F.R.C.P.12(b)(5) upon the opposing party's counsel by placing a copy in the U.S. mails, postage pre-paid, as listed below:

James R. Klimaski, Esq.
Klimaski & Associates P.C.
1625 Massachusetts Avenue, NW
Suite 500
Washington, D.C. 20036-2245

Date: June 19, 2008                                  _____
                                                     Alan Dumoff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ms. Jamie Evans, <br><br> Plaintiff, <br><br> v. <br><br> The Washington Center for <br> Internships and Academic Seminars, et al. <br><br> Defendants | Case No. 1:08-cv-00875 |

**DEFENDANTS NATIONAL INTEGRATED HEALTH ASSOCIATES, CENTER FOR INTEGRATIVE BODY THERAPIES, AND DANIEL G. STORCK'S MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING THEIR MOTION DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6) AND FOR <u>INSUFFICIENT SERVICE OF PROCESS PURSUANT TO F.R.C.P.12(b)(5)</u>**

Defendants National Integrated Health Associates, L.L.C. (hereinafter "NIHA") and Dan G. Storck ("Storck") seek the dismissal the above captioned matter against it for failure to state a claim pursuant to F.R.C.P. 12(b)(6) and for insufficient service of process pursuant to 12(b)(5), and the Center for Integrative Body Therapies for failure to sue a party capable of being sued under F.R.C.P. 17(a).

**I.      The Complaint Against NIHA Should be Dismissed for Failure to State a Claim.**

Evans seeks this diversity action in negligence and malpractice alleging sexual misconduct on the part of Stephen Kulawy, D.C. forming the core matter complained of, and negligence on the part of NIHA and Storck as a managing owner of NIHA for allegedly not warning Evans of Kulawy's history with regard to allegations of sexual misconduct. In its effort to sweep as broadly as possible, Plaintiff has named NIHA and Storck without pleading any basis for its assertion that NIHA, or Storck as NIHA's manager and a principle of NIHA, have any connection to Dr.

Kulawy and CIBT nor any duty to Plaintiff Evans. The only relevant statement in the entire complaint merely alleges that NIHA operates "a.k.a. Physical Medical Associates, L.L.C." (Complaint at ¶ 6). There is no entity named Physical *Medical* Associates, LLC. There is an entity named "Physical *Medicine* Associates" (emphasis added, the correct name referred to hereinafter "PMA"), but PMA is not named as a defendant in the suit and the relevance of PMA to the defendants or the events complained of is never described in the suit. Not a single allegation purports to explain a link that connects NIHA to either CIBT, PMA, Kulawy or the Washington Center for Internships and Academic Seminars. This is insufficient as a matter of law to state a claim against NIHA.

NIHA does not operate "a.k.a." PMA. PMA is an independent limited liability company, and NIHA, itself a limited liability company, has no ownership or relationship to PMA nor to CIBT, except for a single agreement whereby NIHA provides the following specific services to PMA as described in the Affidavit of Daniel G. Storck as Exhibit A. See Affidavit at ¶ 5. These services are a) financial services and bookkeeping, b) daily reconciliation and auditing of results, c) general financial oversight and support, d) telephone, computer and other systems support, and e) marketing and advertising support. None of these functions involve management of personnel, intern programs, patients, or any other area of organizational function that might arguably involve the matters contained in the complaint. NIHA is only involved in strictly financial, IT systems, and marketing support services, and has no management authority. None of these tasks in any fashion touch upon the alleged duties to warn or to provide a means of complaint and assistance for Evans. Plaintiff has overreached in its effort to join Storck and NIHA to the suit.

Nor does NIHA bear any relationship in fact to the events alleged in the complaint. No

officer, agent, employee or other staff acting on behalf of or operating as an agent of NIHA met with Ms. Evans, participated in her internship, structured or was involved in the management of her internship or had any duty to do so and owed no duty to Plaintiff. There is no privity between NIHA and Evans. NIHA is a limited liability company that is separate and distinct from all the listed defendants and is not a proper party to Evans' suit.

Ms. Evans own pleading recognizes that she never discussed the events complained of, nor sought the assistance of NIHA officers, agents, employees or staff for the event she complains of, *see* Complaint at ¶¶ 35-40, as NIHA had no responsibility or involvement in the conduct of Kulawy in his practice at CIBT.[1]

II.     **Defendant Storck should be Dismissed from the Action for Failure to State a Claim Against Him.**

Plaintiff alleges that Storck had a duty to Plaintiff, but other than repeatedly alleging such a duty to Evans, nothing in the complaint explains a connection between Storck and the events complained of. It appears that Plaintiff believes that Storck, who is an owner and manager of NIHA, is responsible because of its unsupported allegations that NIHA is responsible. For the same reasons cited above, this must fail as a matter of law as it is insufficient to state a claim against Storck.

Further, Plaintiff's failure to name NIHA as a limited liability company, and its use of the

---

[1]     The suit names CIBT as a defendant. CIBT is a trade name, or "doing business as" name. CIBT is not a legal entity, and does not have the capacity to be sued under F.R.C.P. Rule 17(b). CIBT cannot be a proper party to a law suit. NIHA anticipates that PMA / CIBT will raise this in their motion to dismiss, but notes it here as any effort to link NIHA to CIBT must also fail as CIBT cannot be a party in interest.

tradename CIBT rather than suing Physical Medicine Associates, L.L.C., appears designed to sidestep the legal reality that any actions that Storck did take, *arguendo,* were done within his role within a limited liability company. In his capacity as manager of NIHA, for example, or in any other capacity, no personal liability could attach allowing for suit against Storck in his individual capacity unless the complaint demonstrated malice, gross negligence or other special circumstances that would have to be plead. Plaintiff makes no effort, however, to plead such circumstances, as indeed it cannot, and instead relies on the artifice of misleading the Court as the limited liability status of the entities involved in these allegations.

By failing to acknowledge the limited liability status of the companies involved, Plaintiff seeks to make their listing of persons in their individual capacity appear to be acceptable, and acceptable without having to plead and demonstrate the malice or other special circumstances that would be required to pierce the limitations of liability that exist for those acting within a company structure. Even interpreted favorably to the Plaintiff, the pleading cannot legally lead to the conclusion that Storck is individually liable for alleged negligence for conduct hat occurred entirely within a limited liability company. This must fail as a matter of law, and the complaint against Storck in his individual capacity must be dismissed.

**III. The Complaint Should Be Dismissed for Failure to Properly Serve NIHA**

The service of process is addressed to "Dr. [sic] Daniel Stork [sic] of National Integrated Health Associates." Mr. Storck is not a doctor, but what is of import is that the party Plaintiff claims to have served is not NIHA, but rather Storck. NIHA is merely listed as a description of where Storck is located. Such service cannot in fact serve NIHA; at most, it would arguably serve

Storck as he is the only party named in the summons and in the certification of service. NIHA has thus not been properly served, and must be dismissed pursuant to 12(b)(5).[2]

Further, NIHA is merely listed as a tradename, when it is in fact a limited liability company duly organized under the laws of the District of Columbia. It is therefore not correctly identified in the summons, as there is no such entity as that listed.

### IV.  The Suit Should Be Dismissed Against Storck for Failure to Properly Serve the Summons and Complaint upon Him.

Service was accomplished by serving the registered agent for NIHA, the Corporation Service Company (hereinafter "CSC".) NIHA may be served through its registered agent, if properly done, but Storck has not authorized CSC to accept personal service for him, and neither F.R.C.P. 4 nor any other rule or statute allows service of an individual through the registered agent of a corporation. D.C. Code § 29-301.11 (Registered agent for service )(2008) authorizes service of the corporation through service upon the registered agent, but not any individual. Individuals must be served directly unless they have, in their individual capacity, clearly authorized another to receive service for them:

> Superior Court Civil Rule 4 (d)(1) requires that service upon an individual defendant be accomplished either upon that individual directly or "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." "The rule is clear that it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process and, further, that the authority to accept such service cannot be shown by the extra-judicial statements of the attorney." *Schwarz v. Thomas*, 95 U.S. App. D.C. 365, 368, 222 F.2d 305, 308 (1955). Thus, the mere appearance of authority is insufficient. 3 Moreover, the agent's authority

---

[2] Defendants NIHA and Storck this same day file a Motion to Quash Service against them for insufficiencies of service.

cannot be implied from the agent's position. *See Leichtman v. Koons*, 527 A.2d 745, 747 n.4 (D.C. 1987) (holding that office employee with authority to receive business communications does not, by virtue of that position, have authority to receive process).
*James Mclaughlin, v. Fidelity Security Life Insurance,* 667 A.2d 105 (D.C.App. 1995).

Because Storck has not authorized CSC to accept service for him personally, personal service must be obtained. *See* Affidavit of Daniel G. Storck at ¶ 7. *See also Morfessis v. Marvins Credit, Inc.*, 77 A.2d 178, 179-80 (D.C. 1950).

Further, the fact that NIHA and Storck are aware of the suit does not excuse the deficiencies in the service.[3] The law is quite clear that this does not cure problems with service: Courts have repeatedly made this point:

> Whether McLaughlin received actual notice of the action is immaterial to the sufficiency of service of process. *See* Super. Ct. Civ. R. 12 (b)(5), (h)(1)(B) (permitting objection to sufficiency of service of process to be presented either by motion prior to responsive pleading or in the party's first responsive pleading); *Leichtman v. Koons,* 527 A.2d 745, 747 n.4, 5 (D.C. 1987); *Parker v. Frank Emmet Real Estate,* 451 A.2d 62, 66 (D.C. 1982).
> *Mclaughlin*, 667 A.2d at 107.
>
> Our cases establish that faulty service of process cannot be cured merely by actual receipt of the summons and complaint. *See Parker v. Frank Emmet Real Estate*, 451 A.2d 62 (D.C. 1982) (citing *Morfessis v. Marvins Credit, Inc., supra*). "Rather, actual receipt may be viewed as further supporting the validity of service which was otherwise proper." *Id.* at 66.
> *Rosen & Associates, Inc., et al., v. Hurwitz*, 465 A.2d 1114 (D.C. App. 1983).

The D.C. Court of Appeals noted this again, first comparing this to a similar holding in Maryland:

> Leichtman admitted that he learned of the pendency of Koon's Maryland action

---

[3] An agent of Plaintiff's law firm attempted to serve Kulawy by presenting the summons for Kulawy personally to Storck (who is not an authorized person to receive personal service for Kulawy) but this does not constitute service upon Storck as the summons delivered was not directed to Storck but rather to Dr. Kulawy and CIBT.

when he returned to his office about a week after the court papers had been delivered there. The trial court based its grant of summary judgment on this admission, finding that Leichtman's actual timely notice was sufficient to confer jurisdiction under Maryland law. However, the Maryland Court of Appeals has held, to the contrary, that a defendant's actual knowledge of the existence of a lawsuit against him is no substitute for personal service under Maryland law. *Miles v. Hamilton*, 269 Md. 708, 309 A.2d 631, 634 (1973); *Sheehy v. Sheehy*, 250 Md. 181, 242 A.2d 153, 155 (1968); *Little v. Miller*, 220 Md. 309, 153 A.2d 271, 275 (1959); *Wilmer v. Epstein*, 116 Md. 140, 81 A. 379, 382 (1911); *see also Reed v. Sweeney*, 62 Md. App. 231, 488 A.2d 1016, 1019, cert. denied, 303 Md. 471, 494 A.2d 939 (1985). Koons has not directed our attention to any cases holding to the contrary, nor have we found any.

The same is true under District of Columbia law. *Parker v. Frank Emmet Real Estate*, 451 A.2d 62, 66 (D.C. 1982); see also *Morfessis*, supra note 4, 77 A.2d at 179-80. If Leichtman was not personally served, the Maryland District Court had no jurisdiction and the default judgment was invalid and without significance. Miles, supra, 309 A.2d at 634. Such a judgment, of course, would not be entitled to full faith and credit in this jurisdiction. *Williams v. North Carolina*, 325 U.S. 226, 229, 89 L. Ed. 1577, 65 S. Ct. 1092 (1945); *Gilper v. Kiamesha Concord, Inc.*, 302 A.2d 740, 742 (D.C. 1973); *Shanklin v. Bender*, 283 A.2d 651, 652 (D.C. 1971); *Operative Plasterers' and Cement Finishers' International Association v. Case*, 68 App. D.C. 43, 49, 93 F.2d 56, 62 (1937). *Robert G. Leichtman, v. Susan E. Koons*, 527 A.2d 745 (D.C. App. 1987)

That Storck or NIHA are aware of the suit does not excuse insufficient service.

## **CONCLUSION**

Plaintiff has misidentified the parties, suing a tradename as an entity, which is not permissible, suing a limited liability company as a generic name, also unacceptable, sued NIHA without any effort to tie NIHA into a role or obligations, and apparently brought Storck in because he manages NIHA, creating a double layer of improbability, alleging he is personally liable for acting inside the protections of a limited liability company where no nexus is plead to the events complained of. Service was also done incorrectly in each instance, as described here and in Defendants NIHA and Storck's Motion to Quash Service of Process, filed this same day.

SIGNATURES NEXT PAGE

7

Dated: June 19, 2008

_____
Alan Dumoff
Law Office of Alan Dumoff
30 Windbrooke Circle
Gaithersburg, MD 20879
D.C. bar No. 425926
voice: 301-987-0970
fax: 301-987-0971
alandlmc@aol.com

## CERTIFICATE OF SERVICE

I certify that I have served the attached DEFENDANTS NATIONAL INTEGRATED HEALTH ASSOCIATES, CENTER FOR INTEGRATIVE BODY THERAPIES, AND DAN STORCK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6) AND FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO F.R.C.P.12(b)(5) upon the opposing party's counsel by placing a copy in the U.S. mails, postage pre-paid, as listed below:

James R. Klimaski, Esq.
Klimaski & Associates P.C.
1625 Massachusetts Avenue, NW
Suite 500
Washington, D.C. 20036-2245

Date: June 19, 2008                                      _____
                                                                               Alan Dumoff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ms. Jamie Evans,

    Plaintiff,

v.

The Washington Center for
Internships and Academic Seminars, et al.

    Defendants

Case No. 1:08-cv-00875

### AFFIDAVIT OF DANIEL G. STORCK

1)     I, Daniel G. Storck, am named as a defendant in the above referenced action. I am the business manager and an equity owner of the National Integrated Health Associates, L.L.C., ("NIHA") located at 5225 Wisconsin Avenue, Suite 401, Washington, DC. 20015. The facts stated in this affidavit are from my own personal knowledge, and if called to do so I could and would testify to them under oath in a court of law.

2)     Though listed as "Dr. Daniel Stork [sic]" in the complaint, I am trained in the management of health and dental operations and medical and dental insurance, am not a physician or any other form of doctor, and do not practice any form of health occupation.

3)     NIHA is a duly organized limited liability company operating under the laws of the District of Columbia, Initial Date of Registration: 3/9/1995, D.C. File No.: L00195.

4)     The Center for Integrative Body Therapies ("CIBT") is a tradename used by Physical Medicine Associates, L.L.C. ("PMA").There is no legal entity by the name CIBT.

5)     NIHA does not own, operate, or manage PMA or CIBT. NIHA is independent of PMA. NIHA does provide the following specific services to PMA: a) financial services and

bookkeeping, b) daily reconciliation and auditing of results, c) general financial oversight and support, d) telephone, computer and other systems support, and e) marketing and advertising support. These services are referred to in a document titled "Exhibit B" as it is attached to the Operating Agreement for PMA, which is attached as Exhibit A to this affidavit. In addition, staff are occasionally provided by NIHA to PMA on a PRN basis to cover short-term, non-professional, non-management staff positions. The services listed in this exhibit constitute the only relationship between the companies NIHA and PMA/ CIBT, all of which involve support services and none of which involvement any management authority or responsibility.

6)   No officer, agent, employee or other staff acting on behalf of or operating as an agent of NIHA met with Ms. Evans, participated in her internship, structured or was involved in the management of her or any other internship or in the hiring and firing or structuring of staff. To the best of my knowledge, Ms. Evans never discussed the events complained of, nor sought the assistance of any NIHA officers, agents, employees or staff.

7)   I have not authorized Corporation Service Company to receive service on my behalf.

8)   I am not authorized to accept service for Stephen Kulawy, D.C.

FURTHER AFFIANT DECLARETH NOT.

Dated: June 19, 2008

_____
Daniel G. Storck

District of Columbia
County of Washington: ss

Daniel G. Storck came before me this date and satisfactorily identified himself, and subscribed and swore to the foregoing before me on the 19th day of June, 2008.

_____                (Notary Public)
DISTRICT OF COLUMBIA

AMY HOWARD-BOYD
Notary Public, District of Columbia
My Commission Expires February 14, 2010

Exhibit B

# PHYSICAL MEDICINE ASSOCIATES, L.L.C.

### Management Agreement

This Management Agreement ("Agreement") of Physical Medicine Associates, L.L.C., a limited liability company organized pursuant to the District of Columbia Limited Liability Company Act of 1994 is entered into and is effective as of the Effective Date, by and among the Company and the persons/entities signing this Agreement as Members.

PMA shall hire Steve Kulawy to perform the following duties and responsibilities:
1. Daily clinic and office administrative and management oversight, including:
    a. Patient charts, records, appointments, follow-up, satisfaction, charges and collections
    b. Insurance claims filings, follow-up and collections
    c. Refunds
2. Oversight of all clinical and administrative associates (employees and independent contractors):
    a. Recruiting, screening, management and development of all associates
    b. Negotiation, hiring, evaluation and termination of all associates subject to concurrence by Managing Member
    c. Clinical protocols, recordation and outcomes management
3. All advertising and marketing decisions consistent with approved marketing plan and budget including a $50 per week average allowance for marketing lunches and gifts.
4. Daily manual and computer reporting of all business and financial transactions in a format agreed to by Managing Member.
5. Monthly operations, marketing and personnel evaluation and reporting in a form and format to be agreed upon with Managing Member.
6. Purchase of administrative and clinical equipment costing less than $500 consistent with approved budget; and
7. Weekly administrative and clinical associates meetings.

In return for the performance of the above employment responsibilities and duties, PMA shall compensate Kulawy as follows:

1. A salary of $3,250 per month for at least 30 hours per week of work;
2. Sick leave, planned leave, holidays and bereavement leave in accordance with the attached Benefits Sheet; and
3. Health insurance paid at 70% of its cost.

PMA shall contract with National Integrated Health Associates (NIHA) to provide the following services:
1. Financial and bookkeeping services;
2. Daily reconciliation and auditing of results;
3. General financial oversight and support;
4. Telephone, computer and other systems support; and
5. Marketing and advertising support.

In return for the provision of the above services, PMA shall pay NIHA a monthly administrative support fee of $3,025.

This Agreement is signed by those persons whose signatures appear below on the date set forth opposite their names.

Physical Medicine Associates, L.L.C.

By: _____

Its: Managing Member

Name: __Steven Kulawy__ Signature: _____

Name: __Mark J. McClure__ Signature: _____

Name: _____ Daniel G. Shork Signature: _____

Date: __July 19, 2006__