UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ms. Jamie Evans,<br><br>    Plaintiff,<br><br>    v.<br><br>The Washington Center for<br>Internships and Academic Seminars, et al.<br><br>    Defendants | Case No. 1:08-cv-00875 |

DEFENDANTS MOTION WITH POINTS AND AUTHORITIES
TO QUASH INSUFFICIENT SERVICE OF STEVEN KULAWY, D.C.

    Defendant Steven Kulawy, D.C., through counsel, hereby moves this Court quash service attempted upon him as insufficient. These same issues are raised in a Kulawy's Motion to Dismiss pursuant to F.R.C.P. 12(b)(5), incorporated herein by reference.

    The service of process attempted upon Dr. Kulawy was given to Daniel G. Storck, also named as an individual in the above-captioned action. Dr. Kulawy never authorized Mr. Storck to receive personal service on his behalf in any suit targeting him in any capacity, and certainly not in his personal capacity. The apparent service must be quashed as insufficient under F.R.C.P. 4. *See* Affidavit of Steven Kulawy, D.C., ¶ 3 attached as Exhibit A, and Affidavit of Daniel G. Storck, ¶ 8, Attached as Exhibit B.

    Superior Court Civil Rule 4 (d)(1) requires that service upon an individual defendant be accomplished either upon that individual directly or "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process."

> The rule is clear that it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process and, further, that the authority to accept such service cannot be shown by the

> extra-judicial statements of the attorney." *Schwarz v. Thomas*, 95 U.S. App. D.C. 365, 368, 222 F.2d 305, 308 (1955). Thus, the mere appearance of authority is insufficient. Moreover, the agent's authority cannot be implied from the agent's position. See *Leichtman v. Koons*, 527 A.2d 745, 747 n.4 (D.C. 1987) (holding that office employee with authority to receive business communications does not, by virtue of that position, have authority to receive process).
> *James Mclaughlin, v. Fidelity Security Life Insurance,* 667 A.2d 105(D.C.App. 1995).

One authorized to accept service must have actual authority to do so. As the Court noted in *Morfessis v. Marvins Credit, Inc.*, 77 A.2d 178, (D.C. 1950), finding that there was no indication in the record that the service was received by an agent authorized to receive process, but that "[a]n agent must have actual authority for this purpose." 77 A.2d at 179-80. In that case, "an office employee with authority to receive business communications and mail [did] not, by virtue of his or her position, have authority to receive process under the Superior Court Rules."

In the instant case, the service was delivered in the office of National Integrated Health Associates, L.L.C., ("NIHA") where Daniel Storck was engaged in his work at NIHA, a separate company from that known by the trade name the "Center for Integrative Body Therapies" ("CIBT"). Service was not even accomplished in the CIBT office, and there is no reasonable indicia of such authorization. There is no real or apparent basis for such service to be effective. *See Nelson v. Swift*, 106 U.S. App. D.C. 238, 271 F.2d 504 (1959) (per curiam) (without express appointment, resident manager of apartment is not agent of the landlord for service of process); *Schwarz v. Thomas*, 95 U.S. App. D.C. 365, 222 F.2d 305 (1955) (attorney representing client in one matter is not an agent of client for service of process in different matter); *Hardy v. O'Daniel*, 16 F.R.D. 355 (D.D.C. 1954) (agent for purpose of collecting payments due the principal is not an agent of the principal for service of process, absent express authorization). Unless such authorization is shown, there is nothing sinister or abusive in moving to quash service of process.

*Larry M. Rosen & Associates, Inc., et Al., v. Nancy J. Hurwitz*, 465 A.2d 1114 (D.C. App. 1983).

Further, the fact that Dr. Kulawy is aware of the suit does not excuse the deficiencies in the service. It is clear that this does not cure problems with service:

> Whether McLaughlin received actual notice of the action is immaterial to the sufficiency of service of process. *See* Super. Ct. Civ. R. 12 (b)(5), (h)(1)(B) (permitting objection to sufficiency of service of process to be presented either by motion prior to responsive pleading or in the party's first responsive pleading); *Leichtman v. Koons,* 527 A.2d 745, 747 n.4, 5 (D.C. 1987); *Parker v. Frank Emmet Real Estate,* 451 A.2d 62, 66 (D.C. 1982).
> *Mclaughlin*, 667 A.2d at 107.
>
> Our cases establish that faulty service of process cannot be cured merely by actual receipt of the summons and complaint. *See Parker v. Frank Emmet Real Estate*, 451 A.2d 62 (D.C. 1982) (citing *Morfessis v. Marvins Credit, Inc., supra*). "Rather, actual receipt may be viewed as further supporting the validity of service which was otherwise proper." *Id.* at 66.
> *Rosen & Associates, Inc., et al., v. Hurwitz*, 465 A.2d 1114 (D.C. App. 1983).

The D.C. Court of Appeals noted this again, first comparing this to a similar holding in Maryland:

> Leichtman admitted that he learned of the pendency of Koon's Maryland action when he returned to his office about a week after the court papers had been delivered there. The trial court based its grant of summary judgment on this admission, finding that Leichtman's actual timely notice was sufficient to confer jurisdiction under Maryland law. However, the Maryland Court of Appeals has held, to the contrary, that a defendant's actual knowledge of the existence of a lawsuit against him is no substitute for personal service under Maryland law. *Miles v. Hamilton,* 269 Md. 708, 309 A.2d 631, 634 (1973); *Sheehy v. Sheehy*, 250 Md. 181, 242 A.2d 153, 155 (1968); *Little v. Miller*, 220 Md. 309, 153 A.2d 271, 275 (1959); *Wilmer v. Epstein*, 116 Md. 140, 81 A. 379, 382 (1911); see also *Reed v. Sweeney,* 62 Md. App. 231, 488 A.2d 1016, 1019, cert. denied, 303 Md. 471, 494 A.2d 939 (1985). Koons has not directed our attention to any cases holding to the contrary, nor have we found any.
>
> The same is true under District of Columbia law. *Parker v. Frank Emmet Real Estate*, 451 A.2d 62, 66 (D.C. 1982); see also Morfessis, supra note 4, 77 A.2d at 179-80. If Leichtman was not personally served, the Maryland District Court had no jurisdiction and the default judgment was invalid and without significance.

Miles, supra, 309 A.2d at 634. Such a judgment, of course, would not be entitled to full faith and credit in this jurisdiction. *Williams v. North Carolina*, 325 U.S. 226, 229, 89 L. Ed. 1577, 65 S. Ct. 1092 (1945); *Gilper v. Kiamesha Concord, Inc.*, 302 A.2d 740, 742 (D.C. 1973); *Shanklin v. Bender*, 283 A.2d 651, 652 (D.C. 1971); *Operative Plasterers' and Cement Finishers' International Association v. Case*, 68 App. D.C. 43, 49, 93 F.2d 56, 62 (1937). *Robert G. Leichtman, v. Susan E. Koons*, 527 A.2d 745 (D.C. App. 1987)

No effective service has therefore been made against Kulawy.

## CONCLUSION

Dr. Kulawy respectfully asks this Court to quash service as insufficient.


Dated: June 30, 2008

*/s/ Alan Dumoff*
_____
Alan Dumoff
Law Office of Alan Dumoff
30 Windbrooke Circle
Gaithersburg, MD 20879
D.C. bar No. 425926
voice: 301-987-0970
fax: 301-987-0971
alandlmc@aol.com


CERTIFICATE OF SERVICE

I certify that I have served the attached DEFENDANTS MOTION WITH POINTS AND AUTHORITIES TO QUASH INSUFFICIENT SERVICE OF STEVEN KULAWY upon the opposing party's counsel by placing a copy in the U.S. mails, postage pre-paid, as listed below:

James R. Klimaski, Esq.
Klimaski & Associates P.C.
1625 Massachusetts Avenue, NW
Suite 500
Washington, D.C. 20036-2245


Date: June 30, 2008

*/s/ Alan Dumoff*
_____
Alan Dumoff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ms. Jamie Evans,
    Plaintiff,

v.

Case No. 1:08-cv-00875

The Washington Center for
Internships and Academic Seminars, et al.
    Defendants

### AFFIDAVIT OF STEVEN KULAWY, D.C.

1) I, Steven Kulawy, D.C., am named (incorrectly as "Stephen Kulawy, D.C.") as a defendant in the above referenced action. My business address is 5225 Wisconsin Avenue, Suite 409, Washington, DC. 20015. At all times relevant to the facts alleged in the complaint, my business address was 5225 Wisconsin Avenue, Suite 601, Washington, DC. 20015. The facts stated in this affidavit are from my own personal knowledge, and if called to do so I could and would testify to them under oath in a court of law.

2) The Center for Integrative Body Therapies ("CIBT") is a tradename. There is no legal entity by the name CIBT.

3) I have authorized neither Daniel G. Storck nor any person at National Integrated Health Associates, L.L.C. to accept service on my behalf.

FURTHER AFFIANT DECLARETH NOT.

Dated: June 2 , 2008

_____
Steven Kulawy, D.C.

District of Columbia
County of Washington: ss

Steven Kulawy, D.C. came before me this date and satisfactorily identified himself, and subscribed and swore to the foregoing before me on the 27 day of June, 2008.

CHAD OLDER
Notary Public
District of Columbia
My Commission Expires May 14, 2012

_____
(Notary Public)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ms. Jamie Evans,

    Plaintiff,

v.                                      Case No. 1:08-cv-00875

The Washington Center for
Internships and Academic Seminars, et al.

    Defendants

## AFFIDAVIT OF DANIEL G. STORCK

1)     I, Daniel G. Storck, am named as a defendant in the above referenced action. I am the business manager and an equity owner of the National Integrated Health Associates, L.L.C., ("NIHA") located at 5225 Wisconsin Avenue, Suite 401, Washington, DC. 20015. The facts stated in this affidavit are from my own personal knowledge, and if called to do so I could and would testify to them under oath in a court of law.

2)     Though listed as "Dr. Daniel Stork [sic]" in the complaint, I am trained in the management of health and dental operations and medical and dental insurance, am not a physician or any other form of doctor, and do not practice any form of health occupation.

3)     NIHA is a duly organized limited liability company operating under the laws of the District of Columbia, Initial Date of Registration: 3/9/1995, D.C. File No.: L00195.

4)     The Center for Integrative Body Therapies ("CIBT") is a tradename used by Physical Medicine Associates, L.L.C. ("PMA"). There is no legal entity by the name CIBT.

5)     NIHA does not own, operate, or manage PMA or CIBT. NIHA is independent of PMA. NIHA does provide the following specific services to PMA: a) financial services and

bookkeeping, b) daily reconciliation and auditing of results, c) general financial oversight and support, d) telephone, computer and other systems support, and e) marketing and advertising support. These services are referred to in a document titled "Exhibit B" as it is attached to the Operating Agreement for PMA, which is attached as Exhibit A to this affidavit. In addition, staff are occasionally provided by NIHA to PMA on a PRN basis to cover short-term, non-professional, non-management staff positions. The services listed in this exhibit constitute the only relationship between the companies NIHA and PMA/ CIBT, all of which involve support services and none of which involvement any management authority or responsibility.

6) No officer, agent, employee or other staff acting on behalf of or operating as an agent of NIHA met with Ms. Evans, participated in her internship, structured or was involved in the management of her or any other internship or in the hiring and firing or structuring of staff. To the best of my knowledge, Ms. Evans never discussed the events complained of, nor sought the assistance of any NIHA officers, agents, employees or staff.

7) I have not authorized Corporation Service Company to receive service on my behalf.

8) I am not authorized to accept service for Stephen Kulawy, D.C.

FURTHER AFFIANT DECLARETH NOT.

Dated: June 19, 2008

_____
Daniel G. Storck

District of Columbia
County of Washington: ss

Daniel G. Storck came before me this date and satisfactorily identified himself, and subscribed and swore to the foregoing before me on the 19th day of June, 2008.

_____
DISTRICT OF COLUMBIA                    (Notary Public)

AMY HOWARD-BOYD
Notary Public, District of Columbia
My Commission Expires February 14, 2010