UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ms. Jamie Evans,<br><br>    Plaintiff,<br><br>v.<br><br>The Washington Center for<br>Internships and Academic Seminars, et al.<br><br>    Defendants | Case No. 1:08-cv-00875 |

**DEFENDANTS STEVEN KULAWY, D.C. AND CENTER FOR INTEGRATIVE BODY THERAPIES MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6) AND FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO F.R.C.P.12(b)(5)**

Defendants Steven Kulawy, D.C. and Center for Center for Integrative Body Therapies ("CIBT") hereby move to dismiss the above captioned matter against it for failure to state a claim pursuant to F.R.C.P. 12(b)(6) and for insufficient service of process pursuant to 12(b)(5).

*Failure to State a Claim Against Kulawy*

1)    The conduct complained of is alleged conduct by Steven Kulawy, D.C., and occurred, according to the allegations, at Dr. Kulawy's practice location, a facility known under the tradename "Center for Integrative Body Therapies" (hereinafter "CIBT") located at the relevant time in Suite 601 at 5225 Wisconsin Avenue, N.W., Washington, D.C., 20015.

2)    The complaint alleges sexual battery and sexual harassment, *see, inter alia,* Complaint at ¶ 84, 85, 103, and makes references to "sexual advances," *see, inter alia,* Complaint at ¶ 62, yet the only allegations plead with sufficient specificity to determine the actual conduct complained of throughout the entire complaint is that Kulawy is alleged to have "massaged

[Evans'] shoulders," Complaint at ¶ 30, "wrapped his arms around [Evans'] waist," Complaint at ¶ 31, and "made comments to Ms. Evans about her appearance." Complaint at 32.

    3)    Legal reference to the existence of a sexual battery can be made by referring to D.C. Code § 22-3001(9) (2008), which predicates all forms of criminal sexual misconduct upon "sexual contact," which is defined as "the touching with any clothed or unclothed body part or any object, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." No conduct in the complaint alleges any sexual conduct whatsoever, and thus this claim for $500,000 in tort damages is based upon alleged conduct that would not even be a misdemeanor violation, D.C. Code § 22-3006 of the criminal code of the District of Columbia. The claim for sexual battery therefore must fail.

    4)    That Kulawy is alleged to have made comments about Evans' appearance by itself is inadequate to make out a claim for sexual harassment. Defendant might have neutrally informed Plaintiff that she looked nice, or told her that she was dressed inappropriately for a work environment, or a host of other legally acceptable comments. Nothing about discussing appearance is inherently harassing, and the complaint is deficient as a matter of law as more particularly set forth in the attached memorandum of law.

    5)    The complaint on its face only alleges a few isolated incidents and does not rise to the level of harassment required by *Psychiatric Inst. of Washington v. District of Columbia Comm'n on Human Rights*, 871 A.2d 1146, 1151 (D.C. 2005), see also *Purcell v. Thomas*, 928 A.2d 699 (D.C. 2007) and cases cited in accompanying memorandum of law. Even if the allegations were true, the conduct described is not close to the level of offensiveness necessary to

create a *prima facie* case of sexual harassment. See *Katz v. Dole*, 709 F.2d 251 (4th Cir. Va. 1983) and cases cited in accompanying memorandum of law.

6)   Plaintiff was not employed, but an intern, which is a voluntary position, had no vested interest in her position, and thus it was legally impossible for her conditions of employment to be adversely affected. D.C. Code § 2-1401 *et seq*. only applies to employees or those with an interest in employment. *See also Estate of Underwood v. National Credit Union Admin.*, 665 A.2d 621, 640 (D.C. 1995) and cases cited in accompanying memorandum of law.

7)   Nothing in the Complaint alleges discrimination, which is the foundation for D.C. Code 2-1401 *et seq*., cited by the Plaintiff as the basis for her complaint, and Evans' complaint this fails to satisfy this element as well.

*Failure to State a Claim Against CIBT*

8)   The suit names CIBT as a defendant. CIBT is a tradename, or "doing business as" name. *See* Affidavit of Steven Kulawy, D.C. at ¶ 2; Affidavit of Daniel G. Storck, ¶ 4. CIBT is not a legal entity, and does not have the capacity to be sued under F.R.C.P. Rule 17(b). CIBT cannot be a proper party to a law suit.

*Insufficient Service Upon Kulawy*

9)   As more particularly described in Defendant Kulawy's Motion to Quash Service, incorporated herein by reference, service of the summons and complaint against Kulawy was attempted upon Daniel G. Storck, who is not authorized to accept service on his behalf. *See* Affidavit of Steven Kulawy, D.C. at ¶ 3; Affidavit of Daniel G. Storck, ¶ 8.

WHEREFORE, the Complaint against Kulawy should be dismissed for failure to state a claim and for insufficient service, and against CIBT because it does not have the capacity to be

sued.

Dated: June 30, 2008

_____
Alan Dumoff
Law Office of Alan Dumoff
30 Windbrooke Circle
Gaithersburg, MD 20879
D.C. bar No. 425926
voice: 301-987-0970
fax: 301-987-0971
alandlmc@aol.com

CERTIFICATE OF SERVICE

I certify that I have served the attached DEFENDANTS STEVEN KULAWY, D.C. AND CENTER FOR INTEGRATIVE BODY THERAPIES MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6) AND FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO F.R.C.P.12(b)(5) upon the opposing party's counsel by placing a copy in the U.S. mails, postage pre-paid, as listed below:

James R. Klimaski, Esq.
Klimaski & Associates P.C.
1625 Massachusetts Avenue, NW
Suite 500
Washington, D.C. 20036-2245

Date: June 30, 2008                                         _____
                                                            Alan Dumoff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ms. Jamie Evans,<br><br>    Plaintiff,<br><br>    v.<br><br>The Washington Center for<br>Internships and Academic Seminars, et al.<br><br>    Defendants | Case No. 1:08-cv-00875 |

**DEFENDANTS STEVEN KULAWY, D.C. AND CENTER FOR INTEGRATIVE BODY THERAPIES MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6) AND FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO F.R.C.P.12(b)(5)**

Defendants Steven Kulawy, D.C. and the Center for Integrative Body Therapies ("CIBT") hereby move to dismiss the above captioned matter against it for failure to state a claim pursuant to F.R.C.P. 12(b)(6) and for insufficient service of process pursuant to 12(b)(5). The conduct complained of is alleged sexual battery and sexual harassment by Steven Kulawy, D.C. But the complaint fails to state a primae facie case; the conduct complained of does not rise to level of action under D.C. Code § 2-1401 et seq. and none of the elements of this cause of action are met; the touching complained of does not meet the definition of sexual conduct necessary for battery; the Plaintiff was not an employee and did not nor could she plead discrimination in her work environment. Further, CIBT is a tradename and not a proper party to the suit, and effective service was not made.

I.    **The Complaint Does Not Allege Conduct That Rises to the Level of Sexual Battery or Sexual Harassment.**

The complaint states that Kulawy made "sexual advances and comments," Complaint, *inter alia*, at ¶ 29 and 62, and accuses him of sexual harassment, Complaint at ¶ 84, 85, 103, and yet the only allegations plead with sufficient specificity to determine the actual conduct complained of throughout the entire complaint is that Kulawy is alleged to have "massaged [Evans'] shoulders," Complaint at ¶ 30, "wrapped his arms around [Evans'] waist," Complaint at ¶ 31, and "made comments to Ms. Evans about her appearance." Complaint at 32.

A.    No *Prima Facie* Case is Made for Sexual Battery.

In considering the nature of the alleged misconduct, D.C. Code § 22-3001(9) (2008) is instructive, as it predicates all forms of criminal sexual misconduct upon "sexual contact," which is defined as "the touching with any clothed or unclothed body part or any object, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." No conduct in the complaint alleges any sexual conduct whatsoever, and thus this claim for $500,000 in tort damages is based upon alleged conduct that would not even be a misdemeanor violation, D.C. Code § 22-3006, of the criminal code of the District of Columbia. The claim for sexual battery therefore must fail.

B.    No *Prima Facie* Case is Made for Sexual Harassment.

These allegations are, as a matter of law, too trivial to sustain a prima facie case for sexual harassment. The complaint on its face only alleges a few isolated incidents and does not rise to the level of harassment required by *Psychiatric Inst. of Washington v. District of Columbia Comm'n*

*on Human Rights*, 871 A.2d 1146, 1151 (D.C. 2005). "More than a few isolated incidents must have occurred, and genuinely trivial occurrences will not establish a prima facie case," *Purcell v. Thomas*, 928 A.2d 699 (D.C. 2007). Even if the allegations were true, the conduct described does not rise to the level of offensiveness necessary to create a *prima facie* case of sexual harassment. The pleading must clearly make out a case that is offensive. See *Katz v. Dole*, 709 F.2d 251 (4th Cir. Va. 1983).

This was addressed specifically at length by the Court in *Beckwith v. Career Blazers Learning Ctr.*, 946 F. Supp. 1035 (D.D.C. 1996):

> Discriminating sexual harassment may take on two forms: "the grant or denial of an economic quid pro quo in exchange for sexual favors" and the "creation [of] a hostile or abusive work environment." *Gary v. Long*, 313 U.S. App. D.C. 403, 59 F.3d 1391, 1395 (D.C. Cir. 1995)(citations omitted). Ms. Attwell does not allege quid pro quo harassment. Her claim is limited solely to hostile work environment.
>
> Ms. Attwell charges that she was subject to unwelcome physical advances of a sexual nature, citing four situations: (1) when Mr. Rogers' pinky brushed her knee while the two were reviewing a document; (2) when Mr. Rogers' knee pressed against her knee while reviewing documents; (3) when Mr. Rogers brushed her shoulder while pointing something out on a calendar; and (4) when Mr. Rogers stood so close to her while discussing a business matter that she could feel his breath on her neck.
>
> She further charges that she was subject to unwelcome verbal advances of a sexual nature on four occasions: (1) when, in response to her inquiry as to whether her attire was in compliance with the company's dress code, Mr. Rogers said that, "in my opinion, you always dressed very professionally. In fact, you look beautiful"; (2) when Mr. Rogers said to her, "when you work with someone, its hard to have any other kind of relationship with them other than just professional"; (3) when Mr. Rogers suggested they go running together; and (4) when Mr. Rogers offered her a treadmill exercise machine provided she picked it up at his house.
> 946 F. Supp. At 1047.

Reviewing these facts, the Court found that the pleading did not give rise to a claim:

> In order to establish a claim for maintenance of a sexually hostile work

> environment under DCHRA, the evidence of sexual harassment "must be sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment." *Best*, 484 A.2d at 979-980 (finding the unlawful employment practices section of DCHRA, D.C. CODE § 211(a)(1), substantially similar to that of Title VII, 42 U.S.C. § 2000e - 2(a)(1)). "More than a few isolated incidents must have occurred, and genuinely trivial occurrences will not establish a prima facie case." Id. at 980.
>
> The physical advances complained of by Ms. Attwell were isolated and trivial as a matter of law. These incidents complained of were not "so severe or pervasive that it created a work environment abusive to [an] employee because of [her]…gender … thus offending Title VII's [and the DCHRA's] broad rule of work place equality." *Park v. Howard Univ.*, 315 U.S. App. D.C. 196, 71 F.3d 904, 906 (D.C. Cir. 1995)(citations and internal quotes omitted). Accordingly, the defendants' motion for summary judgment on this claim will be granted.
> 946 F.Supp at 1047-48.

This discussion makes clear what a reading of the complaint suggests; no sufficient allegation of sexual harassment is in fact being made; the complaint alleges no serious, pervasive, offensive conduct, does not describe the type of behavior at which sexual harassment laws are designed to remedy. The complaint does not make out a primae facie case. It is in fact frivolous and should be dismissed.

    That Kulawy is alleged to have made comments about Evans' appearance by itself is inadequate to make out a claim for sexual harassment. Defendant Kulawy might have neutrally informed Plaintiff that she looked nice, or told her that she was dressed inappropriately for a work environment, or a host of other legally acceptable comments. Nothing about discussing appearance is inherently harassing, and the complaint is thus deficient as a matter of law. D.C. Code § 2-1401.02 specifically states that it is acceptable to comment upon "the requirement of cleanliness, uniforms, or prescribed standards, when uniformly applied for admittance to a public accommodation, or when uniformly applied to a class of employees for a reasonable business purpose . . ."

As the Court in *Beckwith* noted:

> Moreover, the verbal advances of an alleged sexual nature are to be viewed in "the totality of the circumstances," and when so considered, they too fail to establish a prima facie case of sexual harassment. "No reasonable person would feel that an offensive or hostile work environment was created merely because a male supervisor or manager complemented a female employee on her appearance without more," *Norman v. Gannett Co., Inc.*, 852 F. Supp. 46, 49 (D.D.C. 1994), especially when the employee solicited his opinion on the business appropriateness of her attire.
> 946 F.Supp at 1047-48.

In this instance, though Plaintiff attempts to levy $500,000 from these allegations, she cannot even be bothered to describe what the remarks allegedly entailed. This complaint makes out no *prima facie* case for sexual harassment.

C.   Plaintiff Alleges Neither Employment or Discrimination in the Work Place, and Her Claim Must Fail as a Matter of Law.

Plaintiff was not employed, but an intern, which is a voluntary position, had no vested interest in her position, and thus it was legally impossible for her conditions of employment to be adversely affected. D.C. Code § 2-1401.02(9) (Definitions) defines an employee as "any individual employed by or seeking employment from an employer." Plaintiff was neither. Section (10) defines an "Employer" as "any person who, for compensation, employs an individual, except for the employer's parent, spouse, children or domestic servants, engaged in work in and about the employer's household; any person acting in the interest of such employer, directly or indirectly; and any professional association." Neither Kulawy nor CIBT was Evans employer. The Act, D.C. Code §§ 2-1401 and 2-1402 cited by Plaintiff, Complaint at ¶ 84, does not apply and Evans has no rights under that Act. *See Estate of Underwood v. National Credit Union Admin.*, 665 A.2d 621, 640 (D.C. 1995).

Further, Act, D.C. Code §§ 2-1401 and 2-1402 themselves prohibit no conduct, so no

case can be made by reference to these citations. These statutes reference discrimination, about which Evan's complaint makes no allegation. While Courts have held that outright reduction in job status is not a prerequisite to a sexual harassment claim, a Plaintiff does have to show that the Defendant created a discriminatory work environment; that the "harassment complained of affected a term, condition, or privilege of employment." *Howard Univ. v. Best*, 484 A.2d 958, 978 (D.C. 1984); *Bundy v. Jackson*, 205 U.S. App. D.C. 444 (D.C. Cir. 1981). This complaint does not make out such a showing on its face, and this necessary element of sexual harassment, by the Plaintiff's own admissions, cannot be met.

II.   **CIBT Does Not Have the Capacity to Be Sued.**

The suit names CIBT as a defendant. CIBT is a tradename, or "doing business as" name. *See* Affidavit of Steven Kulawy, D.C. at ¶ 2; Affidavit of Daniel G. Storck, ¶ 4. CIBT is not a legal entity, and does not have the capacity to be sued under F.R.C.P. Rule 17(b). CIBT cannot be a proper party to a law suit and must be dismissed.

III.   **Service Was Not Obtained Against Kulawy**.

As more particularly described in Defendant Kulawy's Motion to Quash Service, incorporated herein by reference, service of the summons and complaint against Kulawy was attempted upon Daniel G. Storck, who is not authorized to accept service on his behalf. *See* Affidavit of Steven Kulawy, D.C. at ¶ 3; Affidavit of Daniel G. Storck, ¶ 8. Such service must be authorized by the party, as enumerated in the cases cited by Kulawy in his Motion to Quash Service.

## CONCLUSION

No case is made out against Kulawy for the aforementioned reasons; nor was effective service made. CIBT is not a proper party, and this case should be dismissed pursuant to F.R.C.P. 12(b)(6) and 12(b)(5).

Dated: June 30, 2008

_____
Alan Dumoff
Law Office of Alan Dumoff
30 Windbrooke Circle
Gaithersburg, MD 20879
D.C. bar No. 425926
voice: 301-987-0970
fax: 301-987-0971
alandlmc@aol.com

## CERTIFICATE OF SERVICE

I certify that I have served the attached DEFENDANTS STEVEN KULAWY, D.C. AND CENTER FOR INTEGRATIVE BODY THERAPIES MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6) AND FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO F.R.C.P.12(b)(5) upon the opposing party's counsel by placing a copy in the U.S. mails, postage pre-paid, as listed below:

James R. Klimaski, Esq.
Klimaski & Associates P.C.
1625 Massachusetts Avenue, NW
Suite 500
Washington, D.C. 20036-2245

Date: June 30, 2008
_____
Alan Dumoff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ms. Jamie Evans,
    Plaintiff,

v.

The Washington Center for
Internships and Academic Seminars, et al.
    Defendants

Case No. 1:08-cv-00875

### AFFIDAVIT OF STEVEN KULAWY, D.C.

1) I, Steven Kulawy, D.C., am named (incorrectly as "Stephen Kulawy, D.C.") as a defendant in the above referenced action. My business address is 5225 Wisconsin Avenue, Suite 409, Washington, DC. 20015. At all times relevant to the facts alleged in the complaint, my business address was 5225 Wisconsin Avenue, Suite 601, Washington, DC. 20015. The facts stated in this affidavit are from my own personal knowledge, and if called to do so I could and would testify to them under oath in a court of law.

2) The Center for Integrative Body Therapies ("CIBT") is a tradename. There is no legal entity by the name CIBT.

3) I have authorized neither Daniel G. Storck nor any person at National Integrated Health Associates, L.L.C. to accept service on my behalf.

FURTHER AFFIANT DECLARETH NOT.

Dated: June 2, 2008

_____
Steven Kulawy, D.C.

District of Columbia
County of Washington: ss

Steven Kulawy, D.C. came before me this date and satisfactorily identified himself, and subscribed and swore to the foregoing before me on the 27 day of June, 2008.

CHAD OLDER
Notary Public
District of Columbia
My Commission Expires May 14, 2012

_____
(Notary Public)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ms. Jamie Evans,

    Plaintiff,

v.

The Washington Center for
Internships and Academic Seminars, et al.

    Defendants

Case No. 1:08-cv-00875

### AFFIDAVIT OF DANIEL G. STORCK

1) I, Daniel G. Storck, am named as a defendant in the above referenced action. I am the business manager and an equity owner of the National Integrated Health Associates, L.L.C., ("NIHA") located at 5225 Wisconsin Avenue, Suite 401, Washington, DC. 20015. The facts stated in this affidavit are from my own personal knowledge, and if called to do so I could and would testify to them under oath in a court of law.

2) Though listed as "Dr. Daniel Stork [sic]" in the complaint, I am trained in the management of health and dental operations and medical and dental insurance, am not a physician or any other form of doctor, and do not practice any form of health occupation.

3) NIHA is a duly organized limited liability company operating under the laws of the District of Columbia, Initial Date of Registration: 3/9/1995, D.C. File No.: L00195.

4) The Center for Integrative Body Therapies ("CIBT") is a tradename used by Physical Medicine Associates, L.L.C. ("PMA"). There is no legal entity by the name CIBT.

5) NIHA does not own, operate, or manage PMA or CIBT. NIHA is independent of PMA. NIHA does provide the following specific services to PMA: a) financial services and

Exhibit A to NIHA/Storck Motion to Dismiss

bookkeeping, b) daily reconciliation and auditing of results, c) general financial oversight and support, d) telephone, computer and other systems support, and e) marketing and advertising support. These services are referred to in a document titled "Exhibit B" as it is attached to the Operating Agreement for PMA, which is attached as Exhibit A to this affidavit. In addition, staff are occasionally provided by NIHA to PMA on a PRN basis to cover short-term, non-professional, non-management staff positions. The services listed in this exhibit constitute the only relationship between the companies NIHA and PMA/ CIBT, all of which involve support services and none of which involvement any management authority or responsibility.

6) No officer, agent, employee or other staff acting on behalf of or operating as an agent of NIHA met with Ms. Evans, participated in her internship, structured or was involved in the management of her or any other internship or in the hiring and firing or structuring of staff. To the best of my knowledge, Ms. Evans never discussed the events complained of, nor sought the assistance of any NIHA officers, agents, employees or staff.

7) I have not authorized Corporation Service Company to receive service on my behalf.

8) I am not authorized to accept service for Stephen Kulawy, D.C.

FURTHER AFFIANT DECLARETH NOT.

Dated: June 19, 2008

_____
Daniel G. Storck

District of Columbia
County of Washington: ss

Daniel G. Storck came before me this date and satisfactorily identified himself, and subscribed and swore to the foregoing before me on the 19th day of June, 2008.

_____                (Notary Public)
DISTRICT OF COLUMBIA

AMY HOWARD-BOYD
Notary Public, District of Columbia
My Commission Expires February 14, 2010