# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMIE EVANS** | |
| **Plaintiff,** | |
| **v.** | **Case No. 1:08–cv– 0875 –ESH** |
| **WASHINGTON CENTER FOR INTERNSHIPS AND ACADEMIC SEMINARS, STEVEN KULAWY,** *et al.*, | |
| **Defendants.** | **July 3, 2008** |

### PLAINTIFF JAMIE EVANS' OPPOSITION TO
### DEFENDANTS NATIONAL INTEGRATED HEALTH ASSOCIATES',
### CENTER FOR INTEGRATIVE BODY THERAPIES', AND DANIEL G. STORCK'S
### JUNE 19, 2008, MOTION TO DISMISS
### FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6) AND
### FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO F.R.C.P.12(b)(5)

Defendants' Motion to Dismiss is clearly one for summary judgment and should be summarily denied.[1]  Their motion is premature at best, and in actuality simply highlights the disputed facts in this case.[2]

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6), the court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the Plaintiff the benefit of the inferences that can be derived from the alleged facts. *Conley v. Gibson*,  355

---

[1]  Plaintiff's counsel notes that since Defendants' motion to dismiss also fails to include a proposed order, as did their earlier motion to quash, they are again in violation of Local Civil Rule 7(c), and their pleadings of June 19, 2008, are also subject to being stricken from the record.

[2]  As to the failure to properly serve Daniel Storck, though he was personally handed a copy of the Complaint and Summons by our process server, we are endeavoring to personally serve him again with an original and amended complaint.

U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

The court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *Kowal*, 16 F.3d at 1276. In deciding whether to dismiss a claim under Rule 12(b)(6), the court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice. *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624-25 (D.C. Cir. 1997).

However, this motion to dismiss is replete with references to "matters outside the [complaint]," thereby requiring that the motion be treated as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b) ("If, on a motion asserting the defense numbered (6) ... matters outside the pleading are presented to and not excluded by the court, the motion ***shall*** be treated as one for summary judgment ... and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." (emphasis added)).

Moreover, "[m]ost courts ... view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott,* 958 F.2d 814, 816 (8th Cir.1992) (quoting Wright & Miller, Federal Practice and Procedure § 1366).

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The substantive law determines the materiality of any facts.

*Drewitt v. Pratt*, 999 F.2d 774, 778 (4th Cir. 1993);  *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A "genuine issue" is one that, if resolved, "is such that a reasonable jury could return a verdict for the nonmoving party."  Id.; *See also United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 288 (4th Cir. 2002); *Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 770 (4th Cir. 1998).

The moving party bears the burden of demonstrating the absence of any genuine issue of material fact.  *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001).  The non-movant needs only establish that inferences supporting a verdict in his favor "might be permissible." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

Ordinary issues of witness credibility are not appropriately determined in summary judgment.  The Supreme Court stated in *Anderson*, "it is clear enough . . . that at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  477 U.S. at 250.

Credibility of witnesses will have a bearing on the various causes of action in this case. Here, Plaintiff Jamie Evans alleges injury by defendants for acts of negligence, battery, and sexual harassment.  Ms. Evans was placed in an internship with an organization named the Center for Integrative Body Therapies (CIBT) by the Washington Center for Internships and Academic Seminars.  In order to effect this placement, the Washington Center had dealings with Daniel Storck and National Integrated Health Associates, LLC **(Attachment 3)**.

Ms. Evans was assigned to work for Steven Kulawy, a doctor of Chiropractic Medicine who worked at CIBT.  CIBT, in turn, is a trade name for Physical Medicine Associates, LLC

(PMA). And, Daniel Storck is an owner in both PMA and NIHA. Storck may be the sole owner of both corporations.

According to documents filed with the District of Columbia Department of Consumer and Regulatory Affairs, the corporations share the same address, even during the period of time in question **(Attachments 1 and 2)**.

Steven Kulawy has been the subject of several complaints for inappropriate touching of female patients and was subject to consent orders requiring in part that he be chaperoned when treating female patients **(Attachments 4 through 7)**.

While the staff of CIBT knew of this chaperone requirement and the reasons for it, no one informed Ms. Evans. At times, she was left alone with Kulawy, wherein he began to touch her on several occasions without her consent.

When she finally reported this to another staffmember, only then was she told of Kulawy's restrictions. Ms. Evans notified the Washington Center, and they immediately removed her from the internship placement. The Washington Center informed Mr. Storck, in a letter addressed to "Dr. Daniel Stork" at National Integrated Health Associates, that it would no longer place interns with CIBT **(Attachment 3)**.

Mr. Storck, as an owner of CIBT/PMA, was and is responsible for hiring and supervising Kulawy. Storck and his organization NIHA argues they had to relationship to the events described in the Complaint — and imply with their motion to dismiss that none can be found. Clearly, this is not true. The letter from the Washington Center to Storck indicates he was the contact person for Ms. Evans' placement with CIBT. The two corporations are not at arms length. They share the same ownership and the same address. Storck was obviously involved in

the hiring, and responsible for the supervision, of Steven Kulawy.  Storck also told plaintiff's

process server that he could accept service for CIBT and Kulawy **(Attachment 8)**.

Defendants admit that CIBT — the Center for Integrative Body Therapies — is a trade

name for Storck's other corporation, Physical Medicine Associates, LLC (PMA) which issues

Kulawy's paycheck.  Use of the name abbreviated in this brief as CIBT simply stands as an also

known for the organization abbreviated in this brief as PMA.  Mr. Storck's shell game does not

insulate him or his various entities from liability.

## CONCLUSION

The facts are sufficient to support the third, fifth, and sixth causes of action described in

Jamie Evans' Complaint, and further clarified in her First Amended Complaint, filed in hard

copy format with the Court earlier today on July 3, 2008.

Wherefore, the Court should deny Defendants' motion to dismiss for failure to state a

claim.

Respectfully submitted,

**KLIMASKI & ASSOCIATES, P.C.**

July 3, 2008                   _/s/  **James R. Klimaski**_
                               James R. Klimaski, #243543

                               1625 Massachusetts Avenue NW
                               Suite 500
                               Washington, DC 20036-2245
                               (202) 296-5600
                               (202) 296-5601 Fax
                               klimaski@klimaskilaw.com

                               ***Counsel for Jamie Evans***

## Certificate of Service

I certify that the foregoing ***Plaintiff Jamie Evans' Opposition to Defendants National Integrated Health Associates', Center for Integrative Body Therapies', and Daniel G. Storck's June 19, 2008 Motion to Dismiss for Failure to State a Claim Pursuant to F.R.C.P. 12(b)(6) and for Insufficient Service of Process Pursuant to F.R.C.P.12(b)(5)*** will be served to the following counsel for defendants through the Court's CM/ECF electronic notification system – upon the successful uploading and filing of electronic copies of the above along with any attachments or exhibits – on July 3, 2008:

> Alan Dumoff
> Law Office of Alan Dumoff
> 30 Windbrooke Circle
> Gaithersburg, MD 20879
> Fax  301-987-0971
> alandlmc@aol.com

and served by First Class Mail on July 3, 2008, to the following counsel for The Washington Center for Internships and Academic Seminars:

> Leslie H. Wiesenfelder
> Dow Lohnes PLLC
> 1200 New Hampshire Ave. NW
> Suite 800
> Washington, DC 20036-6802
> Fax  202-776-4726
> lwiesen@dowlohnes.com

> _/s/  Jon Pinkus_____
> Klimaski & Associates, P.C.

*Attachment   1*

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS



# C E R T I F I C A T E

**THIS IS TO CERTIFY** that the attached is a true and correct copy of the documents for this entity as shown by the records of this office.

*PHYSICAL MEDICINE ASSOCIATES, LLC*

**IN TESTIMONY WHEREOF** I have hereunto set my hand and caused the seal of this office to be affixed this **1st** day of **July , 2008 .**



LINDA K. ARGO
Director

*Patricia E. Grays /DB*

PATRICIA E. GRAYS
Superintendent of Corporations
Corporations Division

Adrian M. Fenty
Mayor

File No: **L28238**

BRA-25 (10/98)

GOVERNMENT
~~THE~~
DISTRICT OF COLUMBIA

**2-YEAR REPORT FOR FOREIGN AND DOMESTIC LIMITED LIABILITY COMPANIES (LLC)**

### Due by June 18th, 2007

| | |
|---|---|
| Filing Fee $ **150.00** | |
| Penalty | |
| Interest | |
| Total $ | |

RETAIN A COPY FOR YOUR RECORDS
SEE REVERSE SIDE FOR FILING INFORMATION
MAKE CHECK PAYABLE TO D.C. TREASURER
MAIL REPORT TO :DEPT. OF CONSUMER AND REGULATORY AFFAIRS
BUSINESS & PROFESSIONAL LICENSING ADMINISTRATION
CORPORATIONS DIVISION
P.O. BOX 92300, WASHINGTON, D.C. 20090

**Indicate if LLC is**
(Check 1)
- ● Domestic
- ○ Foreign
- ○ For. Professional
- ○ Dom. Professional

1. Name of Limited Liability Company

**PHYSICAL MEDICINE ASSOCIATES, LLC**

3. Name of registered agent and address of registered office in the District of Columbia (Do not make change of agent or address on this form)

**CORPORATION SERVICE COMPANY**
**1090 VERMONT AVE., N.W.**
**Washington DC  20005**

2. Organized under the laws of (insert District of Columbia, State or Country)

**DISTRICT OF COLUMBIA**

4. Address including street and number, if any, of the principal executive offices (maybe located in or outside of the District of Columbia).

5. The name(s) and address(es), including street and number of the manager(s)/Member(s)

| NAME | ADDRESS |
|---|---|
| Daniel G. Storck | 5225 Wisconsin Ave Ste 401, Washington DC 20015 |
| ~~Mark J. McClane~~ | |

6. Name and address of authorized person executing this report.

| NAME | ADDRESS |
|---|---|
| Daniel G. Storck | 5225 Wisconsin Ave Ste 401 Washington, DC 20015 |

By _____ (signature)
**Authorized Person**

g.

**FILING FEE:**

  Each Domestic and Foreign LLC pays a filing fee of $150.00

**PENALTY:**

  Each Domestic and Foreign LLC pays a penalty of $75.00 if not filed by the above due date.

A fee of $50.00 will be charged
for dishonored checks

| |
|---|
| By |

*Attachment  2*

## GOVERNMENT OF THE DISTRICT OF COLUMBIA

### DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS



# CERTIFICATE

**THIS IS TO CERTIFY** that the attached is a true and correct copy of the documents for this entity as shown by the records of this office.

*NATIONAL INTEGRATED HEALTH ASSOCIATES, L.L.C.*

**IN TESTIMONY WHEREOF** I have hereunto set my hand and caused the seal of this office to be affixed this **1st** day of **July , 2008** .



LINDA K. ARGO
Director

PATRICIA E. GRAYS
Superintendent of Corporations
Corporations Division

Adrian M. Fenty
Mayor

BRA-25 (10/98)

File No: **L00195**

GOVERNMENT
OF THE
DISTRICT OF COLUMBIA

## 2-YEAR REPORT FOR FOREIGN AND DOMESTIC LIMITED LIABILITY COMPANIES (LLC)

### Due by June 18th, 2007

| | |
|---|---|
| Filing Fee $ | **150.00** |
| Penalty | |
| Interest | |
| Total $ | |

RETAIN A COPY FOR YOUR RECORDS
SEE REVERSE SIDE FOR FILING INFORMATION
MAKE CHECK PAYABLE TO D.C. TREASURER
MAIL REPORT TO :DEPT. OF CONSUMER AND REGULATORY AFFAIRS
BUSINESS & PROFESSIONAL LICENSING ADMINISTRATION
CORPORATIONS DIVISION
P.O. BOX 92300, WASHINGTON, D.C. 20090

**Indicate if LLC is**
(Check 1)

- ● Domestic
- ○ Foreign
- ○ For. Professional
- ○ Dom. Professional

---

**1. Name of Limited Liability Company**

**NATIONAL INTEGRATED HEALTH ASSOCIATES, L.L.C.**

**3.** Name of registered agent and address of registered office in the District of Columbia (Do not make change of agent or address on this form)

**THE PRENTICE-HALL CORPORATION SYSTEMS**
**1090 VERMONT AVE. N.W. #430**
**Washington DC  20005**

**2. Organized under the laws of (insert District of Columbia, State or Country)**

**DISTRICT OF COLUMBIA**

**4.** Address including street and number, if any, of the principal executive offices (maybe located in or outside of the District of Columbia).

---

**5. The name(s) and address(es), including street and number of the manager(s)/Member(s)**

| NAME | ADDRESS |
|---|---|
| Daniel G. Storck | 5225 Wisconsin Ave Ste 401 Washington DC 20015 |
| Mark J. McClure | |

**6. Name and address of authorized person executing this report.**

| NAME | ADDRESS |
|---|---|
| Daniel G. Storck | 5225 Wisconsin Ave Ste 401 Washington DC 20015 |

By _____ (signature)

**Authorized Person**

---

**FILING FEE:**

Each Domestic and Foreign LLC pays a filing fee of $150.00

**PENALTY:**

Each Domestic and Foreign LLC pays a penalty of $75.00 if not filed by the above due date.

A fee of $50.00 will be charged
for dishonored checks

| By |
|---|
| |

*Attachment  3*



THE
WASHINGTON
CENTER®

*For Internships and Academic Seminars*

*The Washington Center for Internships and Academic Seminars provides
an integrated academic and work experience to prepare college students
and professionals for lives of achievement and civic engagement*

13 July 2007

Dr. Daniel Stork
National Integrative Health Associates
5225 Wisconsin Avenue NW, Suite 401
Washington DC   20015

Dear Dr. Stork:

I am writing to inform you that Ms. Jamie Evans who was an intern in Dr. Steve
Kulawy's office will not continue her professional training with the Center for Integrative
Body Therapies. Please have her immediate supervisor complete her final evaluation and
return it to me as soon as possible. Due to what we consider inappropriate behavior in the
workplace, we will no longer place interns with the Center for Integrative Body
Therapies.

Please have Ms. Evan's evaluation sent to me at The Washington Center, 1333 – 16th
Street NW, Washington, DC 20036.

Sincerely yours,

*Peter J. Stephens*

Peter J. Stephens
Managing Director

*Attachment  4*

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**DEPARTMENT OF HEALTH**
**BOARD OF CHIROPRACTIC**

RECEIVED
HEALTH REGULATION
ADMINISTRATION

2004 NOV 29  P 2: 44

IN RE:                                    :
                                          :
Steven Kulawy, D.C.                       :
5405 Nibud Court                          :
Rockville, Maryland  20852                :
                                          :
                                          :

## CONSENT ORDER

### Jurisdiction

This matter comes before the District of Columbia Board of Chiropractic (the "Board") pursuant to D.C. Official Code § 3-1202.16(b) (2001), otherwise known as the Health Occupations Revision Act (The "HORA"). The HORA authorizes the Board of Chiropractic to regulate the practice of chiropractic in the District of Columbia.

### Background

Dr. Kulawy's license to practice chiropractic in the District of Columbia was suspended for one (1) year by Consent Order dated March 20, 2003 on the basis of inappropriate conduct with female patients. The Consent Order gave Dr. Kulawy the right to apply for reinstatement of his license at the end of the one- year period, which he did by reinstatement application dated February 10, 2004.

Dr. Kulawy appeared before the Board on May 11, 2004, in support of his reinstatement application. The Board issues a Consent Order with conditions. Dr. Kulawy appeared before the Board on September 14, 2004 requesting modifications of the conditions outlined by the Board.

After meeting with Dr. Kulawy on September 14, 2004, the Board voted to approve his application for reinstatement and outlined the conditions for approval in its Order below.

### ORDER

Based on the foregoing, it is hereby ORDERED that Steven Kulawy, D.C., shall be granted reinstatement of his license on the following conditions:

(1)  Dr. Kulawy shall complete the Ethics and Boundaries course offered by the National Board of Chiropractic Examiners;     *done*

1

(2) Dr. Kulawy continue his involvement in applicable 12-step programs;

(3) Dr. Kulawy has been under the care of Dr. Joseph Poirer since his prior treating practitioner left the area. The board approves this change in practitioners. (Dr. Kulawy shall notify the Board of any other changes in his treating practitioner or practitioners and get approval for the changes.) The practitioner shall provide written reports to the Board regarding Dr. Kulawy's medical conditions on a quarterly basis commencing June 30, 2004;

(4) Dr. Kulawy shall sign an authorization form providing unrestricted communications between and among the Board and Dr. Kulawy's current treating practitioner or practitioners;

(5) From the date of this Consent Order forward, any and all interaction between Dr. Kulawy and any of his female patients shall be constantly monitored by a female chaperone. The chaperone shall comply with the following:

    (a) The chaperone shall co-sign all charts of female patients seen by Dr. Kulawy each time he administers care to those patients;

    (b) Prior to beginning to serve as chaperone, the individual shall be interviewed in person by a member of the Board. The chaperon will then be presented to the Board for approval through a report made by the interviewing member;

    (c) The chaperone shall be required to submit written reports to the Board regarding Dr. Kulawy's interactions with his female patients on a quarterly basis commencing June 30, 2004, or the date the chaperone is approved by the Board;

    (d) Until such time as the chaperone is approved by the Board, Dr. Kulawy shall be absolutely prohibited from interacting with female patients in any manner;

(6) Dr. Kulawy shall sign this Consent Order and return it to the District of Columbia Board of Chiropractic within thirty (30) days of receiving this Consent Order;

(7) If Dr. Kulawy fails to comply with any of the conditions of this Consent Order, he could be subject to disciplinary action in the District of Columbia, including but not limited to revocation or suspension of his license, and Dr. Kulawy's license will not be reinstated until he complies with all of the conditions stated above.

2

_1/11/05_
Date

_Anthony Mirando, D.C._
Chairperson
Board of Chiropractic

## CONSENT OF APPLICANT

My signature on the foregoing Consent Order signifies my acceptance of the terms and conditions of the Consent Order and my agreement to be bound by its provisions.

I acknowledge the validity of this order, as if made after a hearing in which I would have had the right to counsel, to confront witnesses, to give testimony, to call witnesses on my behalf, and to all other substantive and procedural due process protections provided by the laws of the District of Columbia.

I also recognize that, by this Consent, I am waiving my right to appeal this Order. I am also waiving my right to appeal any adverse ruling of the Board of Chiropractic had this matter gone to a hearing.

I have had an opportunity to review this document. I choose willingly to sign this Order, and I understand its meaning and effect.

_11/2/04_
Date

_Steven Kulawy, D.C._

Sworn and subscribed to before me this _23rd_ day of _Nov_, 2004.

_Notary Public_

I, Steven Kulawy, approve unrestricted communication between the Board & my treating practitioners
_11/1/04_

MARY G. KABIGTING
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires May 6, 2008

3

*Attachment  5*

VIRGINIA:

## BEFORE THE BOARD OF MEDICINE

IN RE:    STEVEN M. KULAWY, D.C.
          License No.: 0104-000209

## ORDER

In accordance with Sections 54.1-2400(10), 2.2-4019 and 2.2-4021 of the Code of Virginia (1950), as amended ("Code"), an informal conference was held with Steven M. Kulawy, D.C., on September 29, 2004, in Fredericksburg, Virginia. Members of the Virginia Board of Medicine ("Board") serving on the Special Conference Committee ("Committee") were: Christine Ober Bridge, Chairperson; Patrick W. Clougherty, M.D., and Jane E. Piness, M.D. Dr. Kulawy appeared personally and was not represented by legal counsel. The purpose of the informal conference was to review Dr. Kulawy's compliance with the terms and conditions of indefinite probation imposed upon his license to practice chiropractic pursuant to an Order of the Board entered August 20, 2002, as set forth in a Notice of Informal Conference dated August 26, 2004.

## FINDINGS OF FACT

Now, having properly considered the evidence and statements presented, the Committee makes the following Findings of Fact:

1.    Steven M. Kulawy, D.C., was issued license number 0104-000209 to practice chiropractic in Virginia on June 30, 1978. Said license is currently active and will expire on May 31, 2006, unless renewed or otherwise restricted.

2. By Order entered August 20, 2002, Dr. Kulawy's license was placed on indefinite probation subject to certain terms and conditions. This action was based on findings of inappropriate conduct with female patients.

3. By Order entered January 13, 2004, Dr. Kulawy's license was mandatorily suspended by the Department of Health Professions due to the suspension of his license to practice chiropractic in the District of Columbia by Consent Order entered April 8, 2003.

4. The Board reinstated Dr. Kulawy's license by Consent Order entered July 3, 2004, subject to the terms of the Board's Order entered August 20, 2002.

5. Dr. Kulawy received psychotherapy from Bette A. Weinstein, Ph.D, L.C.S.W., from early 2001 until he was discharged on April 22, 2004, due to her relocation. Dr. Kulawy initially saw Dr. Weinstein on a weekly basis until 2004, when it was decreased to one visit every three weeks. In her last report, dated April 4, 2004, Dr. Weinstein reported that, in her opinion, Dr. Kulawy no longer required psychotherapy and supported his return to practice at this time.

6. Upon approval by the Board, Dr. Kulawy began psychotherapy with Joseph G. Poirier, Ph.D., on July 4, 2004. In his report dated September 4, 2004, Dr. Poirier reported that Dr. Kulawy is "committed and motivated in his work with me."

7. Dr. Kulawy completed a board approved course, entitled "Maintaining Proper Boundaries," in February 26-28, 2002, sponsored by The Center for Professional Health at Vanderbilt University Medical Center, and received 20.5 hours of continuing medical education.

8.     Dr. Kulawy continues to attend Sex Addicts Anonymous meetings regularly in support of his recovery.

9.     Dr. Kulawy reported that he sold his practice in September 2002, and removed himself from clinical chiropractic practice in order to focus on the issues that led him to his inappropriate behavior with female patients.  He stated that he now feels that he is able to return to practice and utilize safeguards to maintain appropriate boundaries with female patients he treats.

10.     Dr. Kulawy demonstrated knowledge and sensitivity to the issues that lead the Board to place his license on probation.

11.     Dr. Kulawy expressed an interest in professional development related to boundaries for other practitioners.

## CONCLUSIONS OF LAW

This matter is properly before the Committee.

## ORDER

WHEREFORE, based on the above Findings of Fact and Conclusions of Law, it is hereby ORDERED that the INDEFINITE PROBATION placed on the license of Steven M. Kulawy, D.C., be, and hereby is, TERMINATED, and that the matter be continued subject to the following terms and conditions:

1. Dr. Kulawy shall have a chaperone present at all times during a physical exam or treatment of a female patient.  Dr. Kulawy shall submit the name and identification of the chaperone for approval by the Executive Director of the Board.  Dr. Kulawy shall provide a

complete copy of the August 20, 2002, Order and this current Order to the chaperone. The chaperone may not be a family member, former patient, or a person who has a personal or prior professional relationship with Dr. Kulawy.

2. Dr. Kulawy shall remain under the care of Dr. Joseph Poirier or other practitioner approved by the Board. Quarterly reports regarding his progress in therapy shall be submitted to the Board on a calendar quarterly basis. The report shall contain a detailed statement on Dr. Kulawy's current condition, prognosis and any change in the treatment plan or diagnosis.

3. Upon twelve (12) months of cumulative chiropractic practice, Dr. Kulawy's compliance with the terms of this Order shall be reviewed. The Committee authorizes the Executive Director of the Board of Medicine to review and close this matter or refer the matter to an informal conference.

Dr. Kulawy shall maintain a course of conduct in his practice of chiropractic commensurate with the requirements of Title 54.1, Chapter 29 or the Code and all laws of the Commonwealth. Dr. Kulawy shall cooperate with the Virginia Board of Medicine and the Department of Health Professions in the investigation or inspection of his practice to verify that he is in compliance with this Order. Dr. Kulawy shall notify the Executive Director of the Board by certified mail of any change of address within ten days of such occurrence. Further, Dr. Kulawy shall notify the Board immediately in writing should he intend to change the location of his practice.

Order – Steven M. Kulawy, D.C.
Page 5 of 5

Violation of this Order may constitute grounds for suspension or revocation of Dr. Kulawy's license. In the event that Dr. Kulawy violates this Order, an administrative proceeding may be convened to determine whether his license shall be revoked.

Pursuant to Section 54.1-2400.2(F) of the Code, the signed original of this Order shall remain in the custody of the Department of Health Professions as a public record, and shall be made available for public inspection and copying upon request.

Pursuant to Section 54.1-2400(10) of the Code, Dr. Kulawy may, not later than 5:00 p.m., on November 22, 2004, notify William L. Harp, M.D., Executive Director, Board of Medicine, 6603 West Broad Street, Richmond, Virginia 23230, in writing that he desires a formal administrative hearing before the Board. Upon the filing with the Executive Director of a request for the hearing, this Order shall be vacated.

Therefore, this Order shall become final on November 22, 2004, unless a request for a formal administrative hearing is received as described above.

FOR THE BOARD

William L. Harp, M.D.
Executive Director
Virginia Board of Medicine

ENTERED: 10/20/04

JAS\ORD\KULAWY

*Attachment  6*

VIRGINIA:

## BEFORE THE BOARD OF MEDICINE

IN RE:      STEPHEN M. KULAWY, D.C.
            License No.:  0104-000209

### ORDER

In accordance with Sections 54.1-2919, 2.2-4019 and 2.2-4021 of the Code of Virginia (1950), as amended ("Code"), an informal conference was held with Stephen M. Kulawy, D.C., on August 15, 2002, in Fredericksburg, Virginia.  Members of the Virginia Board of Medicine ("Board") serving on the Informal Conference Committee ("Committee") were:  Cedric Rucker, Chairman; Robert Bettini, M.D.; and Robert Nirschl, M.D.  Dr. Kulawy appeared personally and was represented by Claire Pettrone, Esquire.  The purpose of the informal conference was to inquire into allegations that Dr. Kulawy may have violated certain laws governing the practice of medicine in the Commonwealth of Virginia, as set forth in a Notice of Informal Conference dated March 19, 2002.

### FINDINGS OF FACT

Now, having properly considered the evidence and statements presented, the Committee makes the following Findings of Fact:

1.      Periodically during the course of his practice of chiropractic, Dr. Kulawy fondled the breasts of female patients.

2.      On March 23, 2001, Dr. Kulawy began participating in Health Practitioner's Intervention Program.  On June 21, 2002, Dr. Kulawy was dismissed from the program due to lack of evidence that supports impairment related to a depressive disorder.

3.      Dr. Kulawy informed the Committee that he is under investigation by the District of Columbia Board of Medicine for inappropriately touching of a female patient in June 2000.

4.      Bettie Ann Weinstein, Ph.D., L.C.S.W., testified on behalf of Dr. Kulawy.  She stated that

Order – Stephen M. Kulawy, D.C.
Page 2

Dr. Kulawy was remorseful about his actions, and attends therapy on a regular basis, and has made changes in his practice. Dr. Weinstein stated that she believes that Dr. Kulawy is unlikely to repeat his behavior.

5.    Dr. Kulawy acknowledge to the Committee that his actions were harmful to his patients. He indicated to the Committee that he is more aware of the warning signals that causes him to act out inappropriately in the clinical setting.

6.    Dr. Kulawy informed the Committee that he has instituted the following safeguards in his District of Columbia practice:

    a.    He has informed his office manager and a physician working in the practice;

    b.    He leaves the door open when seeing female patients; and

    c.    He uses a chaperone when treating female patients.

Dr. Kulawy stated that he has not instituted similar safeguards in his Virginia practice, as he only has approximately four (4) patients at that location. Dr. Kulawy has not informed his District of Columbia practice chaperone of his past inappropriate behavior.

## CONCLUSIONS OF LAW

Based on the foregoing Findings of Fact, the Committee concludes that Dr. Kulawy has violated Section 54.1-2915.A (3), as further defined in Sections 54.1-2914.A (7), (8), (11), (13) and (14) of the Code.

## ORDER

WHEREFORE, it is hereby ORDERED that the license of Stephen M. Kulawy, D.C., be, and hereby is, placed on INDEFINITE PROBATION with the following terms and conditions:

1.    Dr. Kulawy shall remain under the care of Errol Segall, M.D., and Bettie Ann Weinstein, Ph.D., L.C.S.W., who shall provide written reports to the Board regarding Dr. Kulawy's condition on a calendar quarterly basis. The initial report shall include a statement of the diagnosis, treatment plan and prognosis. Thereafter, the report shall contain a detailed statement on the current condition, prognosis and

Order – Stephen M. Kulawy, D.C.
Page 3

any change in the treatment plan or diagnosis. Should Dr. Kulawy wish to change treating practitioners, he shall submit the name and curriculum vitae of a practitioner for approval by the Board. Upon approval, Dr. Kulawy shall advise the Board when he has made an appointment and shall await authorization from the Board before seeing the practitioner. The Board will provide a copy of any materials deemed necessary to assist the practitioner.

2.    Dr. Kulawy shall sign an authorization for providing unrestricted communication between and among the Board and Dr. Kulawy's current treating practitioners.

3.    Within one (1) year of entry of this Order, Dr. Kulawy shall successfully complete a course of Category I, AMA approved continuing education ("CE") in the area of professional boundaries. All CE hours shall be approved in advance of registration by the Executive Director of the Board. Any CE hours obtained for the requirement of license renewal shall not be used towards compliance with term.

4.    Dr. Kulawy shall have a chaperone present at all times during an evaluation and treatment of a female patient.

5.    Dr. Kulawy shall provide a complete copy of this Order to all personnel who work as chaperones in his practice.

6.    In approximately eighteen (18) months, Dr. Kulawy shall be noticed to appear before an informal conference committee of the Board.

7.    Dr. Kulawy shall maintain a course of conduct in his practice of medicine commensurate with the requirements of Title 54.1, Chapter 29 of the Code and all laws of the Commonwealth.

8.    Dr. Kulawy shall cooperate with the Virginia Board of Medicine and the Department of Health Professions in the investigation or inspection of his practice to verify that he is in compliance with this Order.

Order – Stephen M. Kulawy, D.C.
Page 4

9    Dr. Kulawy shall notify the Executive Director of the Board by certified mail of any change of address within ten days of such occurrence.

10.    Dr. Kulawy shall notify the Board immediately in writing should he intend to change the location of his practice.

Violation of this Order may constitute grounds for suspension or revocation of Dr. Kulawy's license. In the event that Dr. Kulawy violates this Order, an administrative proceeding may be convened to determine whether his license shall be revoked.

Pursuant to Section 2.2-4023 of the Code, the signed original of this Order shall remain in the custody of the Department of Health Professions as a public record, and shall be made available for public inspection and copying upon request.

Pursuant to Section 54.1-2919 of the Code, Dr. Kulawy may, not later than 5:00 p.m., on September 20, 2002, notify William L. Harp, M.D., Executive Director, Board of Medicine, 6606 West Broad Street, Richmond, Virginia 23230, in writing that he desires a formal administrative hearing before the Board. Upon the filing with the Executive Director of a request for the hearing, this Order shall be vacated.

Therefore, this Order shall become final on September 20, 2002, unless a request for a formal administrative hearing is received as described above.

FOR THE BOARD

William L. Harp, M.D.
Executive Director
Virginia Board of Medicine

Entered:

CGORD/KULAWY

*Attachment  7*

10/30/06

for filing w/ glen
Jan. Order

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
## DEPARTMENT OF HEALTH
## BOARD OF CHIROPRACTIC

In Re:                              :
                                    :
Steven Kulawy, D.C.                 :
5405 Nibud Court                    :
Rockville, Maryland 20852           :

## CONSENT ORDER

### Jurisdiction

This matter comes before the District of Columbia Board of Chiropractic pursuant

to D.C. Official Code § 3-1202.16(b) (2001) otherwise known as the Health Occupations

Revision Act ("HORA").  The "HORA" provides for the regulation of the practice of

chiropractic by the D.C. Board of Chiropractic.

### Background

On May 11, 2006 at its regularly scheduled board meeting the Board of

Chiropractic requested an investigation to determine whether Dr. Kulawy was in

compliance with the terms of his Consent Order.[1]  On June 2, 2006 during an

unannounced visit by HPLA investigators a random audit was conducted of some of Dr.

Kulawy's patients' records.

Thirteen records were reviewed.  Of the thirteen, nine of the records reviewed

indicated that Dr. Kulawy was not in compliance.[2]  Upon further review of the records

---

[1] Section 5 of the "Consent Order" signed on January 11, 2005 by the Chairman of the Board, Anthony
Mirando, D.C., provided: "From the date of this Consent Order forward, any and all interaction between
Dr. Kulawy and any of his female patients shall be constantly monitored by a female chaperone. The
chaperone shall comply with the following: (a) The chaperone shall co-sign all charts of female patients
seen by Dr. Kulawy each time he administers care to those patients;" ...
[2] The 9 patients visited Dr. Kulawy a total of 54 times.  Of the 54 visits, during 34 of the visits Dr. Kulawy
was non-compliant with the Consent Order.

the investigators indicated that it was difficult to determine who, exactly, was signing the patients' charts. The initials of "LW" appeared on some of the records. However, "LW" was not an approved chaperone.[3]

In addition, Dr. Kulawy treated female staff of National Integrated Health Associates as his patients under the mistaken belief that he was not required to have a chaperone while treating them.

On June 13, 2006 the Board of Chiropractic reviewed the investigator's report. After extensive discussion the Board voted to sanction Dr. Kulawy for his failure to comply with the January 2005 Consent Order.

## ORDER

Based upon the aforementioned it is hereby **ORDERED** – that Steven Kulawy, D.C. shall be and is hereby fined in the amount of one thousand dollars ($1,000). If Dr. Kulawy refuses to accept this Consent Order the Board shall take such other action as it deems appropriate.

11/14/06
Date

Anthony Mirando, D.C.
Chairman
D.C. Board of Chiropractic

## CONSENT OF APPLICANT

By signing this Consent Order, I agree to accept and abide by its terms. I acknowledge its validity and acknowledge that I have agreed to this Order in lieu of a hearing at which I would have had the right to counsel, to confront witnesses, to give

---

[3] The investigators were unable to determine the identity of "LW."

testimony, to call witnesses on my behalf, and to all other substantive and procedural

protections provided by law.  I also recognize that I am waiving my right to appeal any

adverse ruling by the Board of Chiropractic that might have followed any such hearing.

By signing this order, I waive all such rights.  I choose to sign this order willingly and

without reservation and am fully aware of its meaning and effect.

10/30/06
_____
Date

_____
Steven Kulawy, D.C.

Sworn to and subscribed before me this 30 day of October, 2006.

AMY HOWARD-BOYD
Notary Public, District of Columbia
My Commission Expires February 14, 2010

_____
Notary Public

Dr. Kulawy shall return this signed Consent Order along with a check or money order
in the amount of one thousand dollars ($1,000) made payable to "D.C. Treasurer" to:
James Granger, Executive Director, 717 14th Street, 10th Floor, Washington, D.C. 20005
within ten (10) days of receipt.

*Attachment  8*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JAMIE EVANS** | |
| **Plaintiff,** | |
| **v.** | **Case No. 1:08–cv– 0875 –ESH** |
| **WASHINGTON CENTER FOR INTERNSHIPS AND ACADEMIC SEMINARS, STEVEN KULAWY,** *et al.,* | |
| **Defendants.** | **July 3, 2008** |

## AFFIDAVIT OF JON PINKUS
## REGARDING SERVICE OF PROCESS ON
## DEFENDANTS STEVEN KULAWY
## AND THE CENTER FOR INTEGRATIVE BODY THERAPIES

I declare and affirm, under penalty of perjury, that I am an adult citizen of the United States, am not a party in the above-captioned matter, and that the following is true and correct to the best of my knowledge, recollection, and belief.

1. On or about June 11, 2008, I returned to the office of the Center for Integrative Body Therapies (the Center, or CIBT) at 5525 Wisconsin Ave. NW in Washington hoping to serve Steven Kulawy and an authorized representative of the Center.

2. I informed the receptionist that I had important papers for Kulawy and the Center, and was asked to wait in the reception area since Kulawy had not arrived to see patients yet. On a visit to the Center the day before, the same receptionist had indicated when his first patient would be on June 11th, so I arrived a little early so I could meet him and not disrupt any visits with patients.

3.  However, Kulawy never identified himself to me when he did arrive, and after 45 minutes or an hour waiting, a middle-aged white male approached and identified himself as Daniel Storck.

4.  I told him my purpose, and asked if he were authorized to accept service for the Center and Kulawy.  He responded, "Yes," and held his hands out to receive the two large envelopes I had brought with me, each clearly labeled.

5.  I handed both envelopes to him, and thanked him for his courtesy.  He responded grimly, in hushed tones under his breath and with clenched teeth something to the effect that it "wasn't a matter of thank you."  There were patients waiting nearby, and I did not wish to make a scene, so I did not ask him to clarify his comment.  He then quickly left the reception area, and I left shortly thereafter.

7.  I understand that Storck has subsequently informed the Court that the Center for Integrative Body Therapies has no formal corporate existence, and so cannot be named in a lawsuit.  I find it strange he failed to inform me likewise on June 11, 2008, when I asked if he were authorized to accept service on behalf of the Center, and that he had answered yes on accepting service and voluntarily received the envelopes from me.

Respectfully,

July 3, 2008

 _/s/  Jon Pinkus_____

1625 Massachusetts Ave. NW
Suite 500
Washington, DC  20036-2245
202-296-5600

*Process Server*

-2-

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMIE EVANS

    **Plaintiff,**

       v.

**WASHINGTON CENTER FOR
INTERNSHIPS AND ACADEMIC
SEMINARS, STEVEN KULAWY,** *et al.,*

    **Defendants.**

**Case No. 1:08–cv– 0875 –ESH**

**July 3, 2008**

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE
### REGARDING DEFENDANTS' MOTION TO DISMISS OF JUNE 19, 2008

1. Mr. Daniel Storck is an owner of National Integrated Health Associates, LLC (NIHA). He is also an owner of Physical Medicine Associates, LLC (PMA). PMA does business as the Center for Integrative Body Therapies (CIBT).

2. NIHA and CIBT/PMA (or PMA/CIBT) occupy the same offices using suite number 401 at 5225 Wisconsin Avenue NW in Washington, DC 20015 **(Attachments 1 and 2)**.

3. The Washington Center for Internships and Academic Seminars placed plaintiff Jamie Evans as an intern with CIBT/PMA through contact with Daniel Storck at NIHA **(Attachment 3)**.

4. There is serious question as to the independence of NIHA from CIBT/PMA.

5. Even if any real independence exists between NIHA and CIBT/PMA, NIHA and Daniel Storck acted as agents for CIBT/PMA in this matter.

6. Defendants Storck, NIHA, and CIBT/PMA knew or should have known about the licensing history of Chiropractic Dr. Steven Kulawy prior to and during the time Ms.

Evans worked as an intern for CIBT/PMA.  This history included actions by the licensing boards of the District of Columbia and Commonwealth of Virginia, fining Kulawy and placing restrictions on him during the performance of his work **(Attachments 4, 5, 6, and 7)**.

7. Steven Kulawy was employed by one or both of NIHA and/or PMA/CIBT during the time the events described in the complaint occurred.

8. There is an issue whether "[t]here is no legal entity by the name CIBT [Center for Integrative Body Therapies]," Storck Affidavit, ¶4, when the record shows Storck informed Jon Pinkus, a process server for the Plaintiff, on June 11, 2008, that he (Storck) was authorized to accept service for the Center, information from which it is reasonable to infer status as a legal entity, and knowledge on Storck's part of that status **(Attachment 8)**.

Respectfully submitted,

**KLIMASKI & ASSOCIATES, P.C.**

July 3, 2008                    ___/s/  *James R. Klimaski*_____
James R. Klimaski, #243543

1625 Massachusetts Avenue NW
Suite 500
Washington, DC 20036-2245
(202) 296-5600
(202) 296-5601 Fax
klimaski@klimaskilaw.com

***Counsel for Jamie Evans***