UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMIE EVANS., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-875 (ESH) |
| | ) |
| THE WASHINGTON CENTER FOR | ) |
| INTERNSHIPS AND ACADEMIC | ) |
| SEMINARS *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff worked as an unpaid intern in the summer of 2007 at a health practice in Washington, D.C. She has now filed suit alleging that one of her supervisors, Steven Kulawy, committed the tort of battery and sexual harassment in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 *et seq*. In addition, she has sued the Washington Center for Internships and Academic Seminars for negligently placing her with Dr. Kulawy without adequately investigating his past. And, she has sued Physical Medicine Associates LLC ("PMA"); its owner Daniel Storck; National Integrated Health Associates LLC ("NIHA"), which is also owned by Storck; and the Center for Integrative Body Therapies ("CIBT"), which is a trade name for PMA, based on a theory of *respondeat superior* and negligence. All defendants have moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). As explained herein, plaintiff's claims for sexual harassment fail as a matter of law, and CIBT will be dismissed since it cannot be sued.

**BACKGROUND**

During the summer of 2007, Dr. Steven Kulawy was a chiropractor working for CIBT, which is the trade name for PMA. (Compl. ¶¶ 3-4, 26.) In May 2007, plaintiff began her unpaid summer internship at CIBT/PMA, where she worked with Dr. Kulawy. (*Id*. ¶¶ 25-26.) She was placed at the office by the Washington Center for Internships and Academic Seminars ("TWC"), an organization that places college students in internships in the Washington, D.C. area. (*Id*. ¶¶ 2, 12, 17.) Plaintiff alleges that TWC arranged for her to work with Dr. Kulawy without visiting the site, interviewing Dr. Kulawy or investigating his past, which, according to plaintiff, included a history of sexual misconduct, including fondling female patients. (*Id*. ¶¶19-22, 42-52.)

Plaintiff claims that Dr. Kulawy engaged in inappropriate and offensive behavior during her internship by making advances towards her, commenting on her appearance, massaging her shoulders, and wrapping his arm around her waist. (*Id*. ¶¶ 29-32.) As a result, plaintiff claims that she "grew increasingly anxious and uncomfortable" and changed her appearance to make herself less attractive. (*Id*. ¶¶ 33-34.) However, she did not report this behavior to anyone until mid-July 2007, when she talked to a TWC employee who was conducting a site visit. (*Id*. ¶¶ 53-54, 61.) As a result, on the recommendation of TWC, plaintiff stopped her internship at CIBT/PMA. Plaintiff claims that this experience forced her to change her career plans and has caused emotional and physical distress. (*Id*. ¶¶ 63-64.)

Before the Court are motions to dismiss filed by TWC and by Kulawy, NIHA, CIBT and Storck. Defendants seek dismissal of all counts, or at a minimum, the dismissal of NIHA, CIBT and Storck.

## ANALYSIS

**I.     BATTERY**

"To establish liability for the tort of battery in the District of Columbia, a plaintiff must plead and establish that the defendant caused 'an intentional, unpermitted, harmful or offensive contact with his person or something attached to it.'" *Dammarell v. Islamic Republic of Iran*, No. 01-cv-2224 (JMF), 2006 WL 2382704, at *26 (D.D.C. Aug. 17, 2006) (quoting *Marshall v. District of Columbia*, 391 A.2d 1374, 1380 (D.C. 1978)). Plaintiff's complaint incorporates all of these elements, as she alleges that "Dr. Kulawy intentionally touched [her] in an offensive manner each time he came up behind her and massaged her shoulders while she was typing or filing and each time he put his arm around her waist." (Compl. ¶ 71.) Defendants argue that the contact was not "unpermitted," *Dammarell*, 2006 WL 2382704, at *26, because plaintiff failed to object to Dr. Kulawy's touching until her last day at work. (Defs.' Mot. at 8-9.)[1] However, whether plaintiff consented to Dr. Kulawy's physical contact is a question of fact.[2] *See, e.g.*, *Anderson v. St. Francis-St. George Hosp.*, 614 N.E.2d 841, 844 (Ohio Ct. App. 1992) (for a battery claim, "[t]he finder of fact must make a determination on the issue of consent").

---

[1]Motion of Defendants Stephen Kulawy, D.C., National Integrated Health Associates, LLC, Center for Integrative Body Therapies, and Daniel G. Storck's to Dismiss Second (*sic*) Amended Complaint for Failure to State a Claim Pursuant to F.R.C.P. 12(b)(6) (filed Aug. 4, 2008).

[2]Relying on *Rogers v. Loews L'Enfant Plaza Hotel*, 526 F.Supp. 523, 529 (D.D.C. 1981), defendants argue that, in order to survive a motion to dismiss, a plaintiff must have specifically told the defendant that his conduct was offensive. (Defs.' Mot. at 8.) However, the Court in *Rogers* merely held that the plaintiff's verbal objections were sufficient for asserting an absence of consent. *Id.* It did not say that a verbal objection is the only way to assert an absence of consent. A lack of consent can be inferred from the circumstances. *See State v. Kennedy*, 616 P.2d 594, 597-98 (Utah 1980).

Likewise, defendants' argument that the contact could not possibly be construed as harmful or offensive (Defs.' Reply at 2-3)[3] is also a factual question. *See, e.g.*, *Harper v. Winston County*, 892 So.2d 346, 354 (Ala. 2004) (reversing summary judgment because there was a factual question as to whether a supervisor's touching of an employee's arm was harmful or offensive). Accordingly, the battery count states a claim upon which relief can be granted.

## II.   SEXUAL HARASSMENT UNDER THE DCHRA

Plaintiff's sexual harassment claims fail because she was not an "employee" within the meaning of the DCHRA. The DCHRA defines an employee as "any individual employed by or seeking employment from an employer." D.C. Code § 2-1401.02(9). The statute defines an employer as "any person who, *for compensation*, employs an individual . . . ." D.C. Code § 2-1401.02(10) (emphasis added). Plaintiff did not satisfy this definition, as she was not working for compensation, nor was she seeking a paid job. Moreover, while this issue has never been decided under the DCHRA, it has consistently been held under Title VII that an unpaid intern is not an employee.[4] *See, e.g.*, *O'Connor v. Davis*, 126 F.3d 112, 115-16 (2d Cir. 1997) (college student volunteering as an intern at a hospital as part of her academic studies was not an employee under Title VII); *Neff v. Civil Air Patrol*, 916 F. Supp. 710, 712 (S.D. Ohio 1996) ("unpaid volunteers are not employees within the protection of Title VII"); *Haavistola v. Cmty. Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 221 (4th Cir. 1993) (volunteer firefighter found to be an

---

[3] Reply of Defendants Stephen Kulawy, D.C., National Integrated Health Associates, LLC, Center for Integrative Body Therapies, and Daniel G. Storck's to Plaintiff's Opposition to their Second Motion to Dismiss Second (*sic*) Amended Complaint for Failure to State a Claim Pursuant to F.R.C.P. 12(b)(6) (filed Sept. 24, 2008).

[4] It is customary to consider Title VII cases when interpreting the DCHRA. *See Lively v. Flexible Packaging Ass'n*, 830 A.2d 874, 890 (D.C. 2003).

employee under Title VII because, while she did not receive direct compensation, she received other benefits such as a disability pension, survivor's pension for dependents, and tuition reimbursement).

Plaintiff argues that, because the scope of the DCHRA is generally broader than that of Title VII , the DCHRA should be construed to apply to unpaid interns. (Pl.'s Opp'n at 7.)[5] This argument is unpersuasive. The text of the DCHRA clearly provides that the employment must be "for compensation." *See* D.C. Code § 2-1401.02(10) (defining an employer as "any person who, for compensation, employs an individual . . . [or] any person acting in the interest of such employer, directly or indirectly"). And, even if the scope of the DCHRA is often broader than that of Title VII, this does not mean that every term in the DCHRA can be expanded beyond its plain meaning. Plaintiff notes that the DCHRA, unlike Title VII, permits suits against individuals and has an aiding and abetting provision. (Pl.'s Opp'n at 7.) However, there is a textual basis for these departures from Title VII. There is no comparable basis for extending the DCHRA to unpaid interns, especially given the statute's explicit reference to "compensation." Since plaintiff was not an employee under the DCHRA, all claims of sexual harassment will be dismissed.

### III.   OTHER CLAIMS

Having concluded that only the battery count survives against Dr. Kulawy, the remaining question is whether the other defendants can be held liable for his alleged battery. Defendants

---

[5]Plaintiff's Opposition to the Motion to Dismiss Her First Amended Complaint for Failure to State a Claim of Defendants Steven Kulawy, D.C., National Integrated Health Associates, LLC, Center for Integrative Body Therapies and Daniel G. Storck (filed Sept. 8, 2008).

first argue that they are not liable because plaintiff was contributorily negligent for failing to notify them about Dr. Kulawy's behavior. (Defs.' Mot. at 20; TWC Mot. at 8.)[6] However, as defendants acknowledge, "[o]nly in the exceptional case is evidence so clear and unambiguous that contributory negligence should be found as a matter of law." (Defs.' Mot. at 21; TWC Mot. at 6 (quoting *Tilghman v. Johnson*, 513 A.2d 1350, 1351 (D.C. 1986)).) Defendants have failed to show that this is one of those exceptional cases. Defendants cite several cases that find that a plaintiff is contributorily negligent when she repeatedly or continuously exposes herself to a known hazard. (Defs.' Mot. at 22; TWC Mot. at 9.) However, none of these cases is remotely similar to this case. Accordingly, the Court cannot find that plaintiff was contributorily negligent as a matter of law.[7]

Plaintiff's claims against Daniel Storck are based on his ownership of CIBT/PMA. Defendants suggest that Storck cannot be held personally liable because he was not actively participating in the tortious activity. (Defs.' Mot. at 28.) However, defendants' attempt to differentiate between "nonfeasance" and "malfeasance" is without legal support. A corporate officer need not have been actively involved in the tortious activity; he can be liable for merely failing to act. *See Snow v. Capitol Terrace, Inc.*, 602 A.2d 121, 127 (D.C. 1992) ("Sufficient participation can exist when there is an act or omission by the officer which logically leads to the inference that he or she had a share in the wrongful acts of the corporation which constitute the offense.") (internal citations omitted).

---

[6]Motion of Defendant Washington Center for Internships and Academic Seminars to Dismiss Count I of the First Amended Complaint (filed July 16, 2008).

[7]TWC makes the same argument relying on the doctrine of avoidable consequences. (TWC Mot. at 16.) This too is a question of fact and cannot be resolved at this stage.

Finally, defendants argue correctly that CIBT cannot be sued because it is merely a trade name and not a legal entity. (Defs.' Mot. at 30-31.) Plaintiff even concedes this point in her complaint. (Compl. ¶ 4.) There is therefore no need for discovery. With respect to NIHA, it is unclear from the complaint what role, if any, it played with respect to Kulawy's activities and whether it had any control over his activities. The Court therefore cannot conclude that this defendant should be dismissed.[8]

## CONCLUSION

For the foregoing reasons, plaintiff's claims for sexual harassment will be dismissed and CIBT will be dismissed as a party. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: November 19, 2008

---

[8] Since defendants have moved to dismiss the complaint, they cannot rely on Storck's affidavit to support their motion as to NIHA.